SABINE & EAST TEXAS RAILWAY COMPANY v. W. W. CRUSE.

No. 3374.

1. **Penalty for Overcharge for Freight.** — Suit for statutory penalty against appellant railway company for exacting five dollars overcharge for carrying a cow and calf less than fifty miles. The estimated weight stated in bill of lading was 600 pounds. The waybill reserved the right to correct errors. On trial there was no testimony to the weight of the animal from which it could be ascertained whether an overcharge in fact had been made. In absence of such testimony the penalty should not have been imposed.

2. **Notice of Claim of Overcharge.**—The freight was consigned to Day Hooks. The account for overcharge was made out in favor of W. W. Cruse. A new station agent represented the railway company. The freight was delivered August, 1889; the

claim for overcharge May 30, 1890. The agent could find no bill in name of Cruse, and the claim was rejected, the agent not knowing that it was for overcharge in the shipment for *Day Hooks*. *Held*, the facts failed to show such notice to the defendant company as is required by statute prior to recovery of penalty. Sayles' Civ. Stats., art. 4258b, sec. 10.

3. **Same—Notice to Station Agent.**—The statute requires that notice be given to "the railway company or to the agent demanding or receiving the same," and when notice is given to a station agent at the place where the overcharge is claimed to have been demanded or received, then if not given to the agent who demanded or received it the necessity for identifying the transaction would be more apparent. One claiming a penalty given by statute should show at least that the facts exist which entitle him to the penalty, and it seems to us when it is claimed that notice, in cases based on the statute in question, was given to an agent who is not to be deemed the agent of the railway company generally, that it should be shown that the notice was given to the agent who *demanded* or *received* the overcharge; for the statute in plain words requires this, and declares that the penalty shall not be recoverable unless notice be given to the railway company; and by the latter we would understand to be meant some officer of the company clothed with general powers.

APPEAL from Hardin. Tried below before Hon. L. B. HIGHTOWER. The opinion states the case.

*Perryman & Gillaspie*, for appellant.—1. Plaintiff's petition does not allege, nor can it be ascertained from any of the allegations, whether the amount received by appellant as charges for the shipment exceeded the sum of thirty cents per hundred pounds. The weights were not given. Sayles' Civ. Stats., art. 4257; Dwyer v. Railway, 3 Ct. App. C. C., sec. 79.

In order to recover a penalty provided by statute one must bring himself clearly within its terms. Murray & Bro. v. Railway, 63 Texas, 407.

2. Before appellee would be entitled to recover the penalty for an overcharge, he must allege and prove that the actual weight of the shipment was less than that he was required to pay for, and the fact that the weight specified in the bill of lading was less than the corrected weight does not entitle him to recover. He must show by proof that the weight set out in the bill of lading was correct. Dwyer v. Railway, 3 Ct. App. C. C., sec. 79, and authorities cited.

3. The court erred in finding for the plaintiff and overruling defendant's motion for a new trial, because the evidence does not show that such notice of overcharge was given to the defendant or any of its agents and employes, as the law requires. The shipment was consigned to Day Hooks, and the bill for overcharges was made out in the name of W. W. Cruse. Sayles' Civ. Stats., art. 4258b, sec. 10.

*Tom J. Russell*, for appellee.—The court did not err in entering judgment in this cause for the plaintiff and in overruling the defendant's motion for a new trial, because the sum of $1.80 was paid and the freight delivered only upon the condition and promise and obligation

of the plaintiff that he would pay the balance of $5 in case the defendant did not remit the overcharge and release the defendant's agent from liability to it (defendant), as per agreement. The plaintiff was legally liable to the agent for the payment of the balance of the charges, as the condition upon which he received the cow and calf.

As to the law of overcharges: Rev. Stats., art. 4258, et seq.; Woodhouse v. Railway, 67 Texas, 416.

STAYTON, CHIEF JUSTICE.—This action was brought by appellee to recover the penalty prescribed by the statute for an overcharge on freight.

It is claimed that appellant transported over its road for appellee a cow and calf for a distance of less than fifty miles, under a bill of lading which placed their weight at 600 pounds, but this specified that weights were subject to correction, and fixed the charge at $1.80, which was paid at place of delivery, and the cow and calf were turned over to their owner, with a suggestion from appellant's agent that there was probably an error in the charge. Appellee agreed, in case such error existed, to pay to the agent the proper sum, and when the waybill went to the auditor he raised the charge and notified the agent of the fact, who then paid $5 in addition to the sum before received, and demanded and received from appellee the same sum.

There was no averment as to the weight of the cow and calf, and for the want of this the court should have sustained the demurrer to the petition. There was no proof as to the weight of the animals, and if the petition had been sufficient the court was not authorized to render a judgment in favor of plaintiff, on whom rested the burden of proof, without evidence showing that an overcharge was made; and the bill of lading, in view of the reservation of the right to correct weights and of the acts of the parties, could not be deemed sufficient evidence on this point.

If the change in weight charged was authorized by the facts, there was no overcharge; but if the railway company, according to a classification of its own, arbitrarily charged for a greater weight than the aggregate weight of the animals, then the law was violated, for under it such arbitrary classifications were not permitted.

The shipment was made and probably completed on August 16, 1889, and under the bill of lading as well as the waybill Day Hooks was named as the consignee; but no claim for overcharge was presented until May 30, 1890, when the following account was presented to the person then acting as agent for appellant at Kountze:

"KOUNTZE, May 30, 1890.

"Sabine & East Texas Railroad Company, Dr.—To W. W. Cruse: Overcharge freight on cow and calf from Beaumont to Kountze, $5."

There had been a change of agent at Kountze between the time the cattle were received and the time the claim for overcharge was made.

When appellee made his claim for overcharge he did not inform the agent that the animals had been consigned to Hooks, and the agent to whom the claim was presented testified as follows: "I told plaintiff to present a bill for the overcharge, and if it was correct I would refund the overcharge. He gave me a bill for a cow and calf shipped to W. W. Cruse, and I looked over the books and couldn't find such a way-bill or any such shipment to W. W. Cruse, and so I could not correct it. If he had stated it correctly, that it was shipped to Day Hooks, I could have found it and refunded the money without any special authority from any one. I have often done it and attached the bill to the correction, and turned it over as cash. He didn't tell me anything about the shipment to Hooks at that time; he might have done so since. If I had known it then, I could have paid it. I made a thorough examination of my books, and he helped me. We were looking for Cruse, and we should have been looking for Hooks. J. E. Burton helped me also. I never knew it was shipped to Hooks until after this suit was instituted. I believe it was J. E. Burton who told me afterward it was shipped to Hooks. Don't think plaintiff made any suggestion to me that it was in the name of Hooks. If he had I could have found it easily enough. Burton was the first to tell me that it was Hooks, and then I found it easily enough."

Burton was agent of appellant at the time the cattle were shipped.

The statute provides, "that the penalties prescribed by law for any overcharge shall not be recoverable unless the party aggrieved shall give notice thereof in writing to the railway company or to the agent demanding or receiving the same, and said company shall fail within twenty days thereafter to refund to such party aggrieved the amount of overcharge." Sayles' Civ. Stats., art. 4258b, sec. 10.

The purpose of notice and of giving time for a railway company to refund an overcharge evidently was to enable the company to ascertain whether an overcharge had been made, and to enable it to do so we are of the opinion that the notice should so identify the transaction that it could be investigated; and in view of the fact that the notice and demand of appellee referred to an overcharge against himself, when the consignment was to Hooks, we are of opinion that the transaction was not so identified as to constitute the notice required by the statute.

If it be claimed that notice was given to the general freight agent for the company, then the evidence is not sufficient to show that proper notice was given. The statute requires that notice be given to the "railway company, or *to the agent demanding or receiving the same,*" and when notice is given to a station agent at the place where the overcharge is claimed to have been demanded or received, then, if not given to the

agent who demanded or received it, the necessity for identifying the transaction would be the more apparent.

One claiming a penalty given by the statute should show at least that the facts exist which entitle him to the penalty, and it seems to us when it is claimed that notice, in cases based on the statute in question, was given to an agent, who is not to be deemed the agent of a railway company generally, that it should be shown that the notice was given to the agent who *demanded* or *received* the overcharge, for the statute in plain words requires this, and declares that the penalty shall not be recoverable until this is done, unless notice be given to the railway company, and by the latter we would understand to be meant some officer of the company clothed with general powers.

In this case the agents of the company with whom plaintiff had any connection seem to have been ready to settle any overcharge, if it could be ascertained that one had been made against plaintiff.

For the errors noticed the judgment will be reversed, and as the cause was tried without a jury, will be here rendered for appellant.

*Reversed and rendered.*

Delivered February 19, 1892.