### AUSTIN & NORTHWESTERN RAILWAY COMPANY
### v. J. D. SLATOR.

#### No. 837.

1. **Penalty for Failure to Furnish Stock Cars—Pleading.**—Petition for damages and for the statutory penalty for failure by the defendant company to furnish three stable stock cars, demanded by plaintiff of the company's agent at Llano, Texas. *Held*, that article 4227a, Sayles' Civil Statutes, under which the action was brought, does not designate the character of cars to be furnished; and that there is no penalty prescribed for failure to furnish the kind of cars demanded.

2. **Same.**—The rule is well settled that statutes which impose penalties are to be strictly construed, and those who seek to recover such penalties must bring their cases clearly within the terms of the statute.

3. **Local Station Agent—Superintendent, etc.**—The local station agent in charge of the railroad's transportation may be considered as "the superintendent or person in charge of transportation," upon whom demand for stock cars may be made under the statute.

4. **Reversal in Part, etc.**—The judgment below as to actual damages is approved, and for the penalty it is reversed and remanded.

ERROR from Llano. Tried below before Hon. W. M. ALLISON.

*Fisher & Townes*, for plaintiff in error.—1. It was error to allow the plaintiff the sum of $225 as penalty for failure to furnish cars, because the statute under which same was allowed is contrary to the Constitution of this State and of the United States. Amendment to U. S. Const., art. 5, and art. 4, sec. 1; Const. of Texas, art. 1, secs. 13, 19.

2. The statute under which this penalty was adjudged, if constitutional, is penal in its nature, and must be strictly construed. Rev. Stats., art. 4227a; Murray & Bro. v. Railway, 63 Texas, 413; De Witt v. Dunn, 15 Texas, 108; Scoggins v. Perry, 46 Texas, 114; De la Garza v. Booth, 28 Texas, 482; 18 Am. and Eng. Encyc. of Law, 270, and cases cited in note 5.

3. The statute requires the notice in writing to be given to the superintendent or person in charge of transportation for the company. These terms do not include the local station agents along the line of the road; but only the general officers who have the right to control the movement of the cars.

4. The company was under no legal obligation to own stable stock cars. The petition does not charge that it in fact did own or have under its control or in use on its road any such cars, nor does it show either a legal duty or physical possibility for it to have furnished the

kind of cars described within the time required by the notice, or at any time sooner than they were furnished; nor does it negative the fact that the company had at Llano good and safe cars in sufficient numbers to transport all his cattle on the 10th of October, the time he desired to ship them. Rev. Stats., art. 4226; Railway v. Pratt, 22 Wall., 133; Wallingford v. Railway, 2 S. E. Rep., 20; Hutch. on Carr., secs. 292, 505; 3 Wood on Rys., sec. 430, and cases cited; Hawkins v. Railway, 17 Mich., 62; Welsh v. Railway, 10 Ohio St., 65; Pratt v. Railway, 102 Mass., 558; Smith v. Railway, 12 Allen, 534.

*Slator, McLean & Spears*, for defendant in error.—1. The statute under which the judgment is complained of is valid under the Constitutions of the State and of the United States. Const. of Texas, art. 10, sec. 2; Railway v. Ellis, 18 S. W. Rep., 724; Grigsby v. Peak, 57 Texas, 148; 6 Am. and Eng. Encyc. of Law, 43.

2. Even under a strict construction, the statute and petitions are sufficient to support the judgment.

Statutes should not in any cases be so strictly construed as to defeat the obvious intention of the Legislature. Rev. Stats., sec. 3, p. 718; Randolph v. The State, 9 Texas, 521.

Plaintiff is not bound to allege more than he must prove. Smothers v. Field, 65 Texas, 435; Railway v. Smith, 74 Texas, 278.

Nor allege what the court is presumed to know. Weaver v. Nugent, 72 Texas, 279.

The courts take judicial knowledge of a public statute. Blessing v. City, 42 Texas, 642; Thompson v. Houston, 31 Texas, 610; Emerson v. Railway, 19 S. W. Rep., 1113; 12 Am. and Eng. Encyc of Law, 154.

Every presumption not inconsistent with the record will be indulged in support of the judgment. Sayles' Pl., sec. 598, and authorities cited.

A judgment by default admits every averment in the petition except the amount of damages. Sayles' Pl., sec. 602, and authorities cited.

3. Application in writing to the local agent of defendant below, stating the number of cars desired, and the time when and the place where desired, was sufficient notice under the statute. Easton v. Dudley, 78 Texas, 236; McCarty v. Railway, 79 Texas, 33; Receiver v. Graves, 16 S. W. Rep., 102; Railway v. Wright, 21 S. W. Rep., 80; Hutch. on Carr., secs. 267–269, 319b.

4. When the shipper himself selects and determines upon the vehicles upon which his goods are to be transported, the carrier would be relieved from any loss attributable to a defect or insufficiency in the vehicle selected and not caused by his negligence, and if carrier could not furnish such cars he should, within a reasonable time, notify the shipper. Carr v. Shaffer, 15 Colo., 48; Ayers v. Railway, 71 Wis., 372.

KEY, ASSOCIATE JUSTICE.—Slator sued the Austin & Northwestern Railroad Company for damages for delay in shipment of three carloads of calves, and to recover the statutory penalty for failure to furnish cars after notice given.

The railroad company failed to answer, and judgment by default with a writ of inquiry was taken against it; and thereafter the writ was executed and actual damages assessed at $203, and the penalty at $225.

The company has brought the case to this court by writ of error. There is no statement of facts in the transcript, and no objection is made to the judgment for actual damages.

The assignment of error which asserts that there was no basis in the plaintiff's petition to support the judgment for the penalty must be sustained.

The petition alleges that the plaintiff made application in writing to the company's agent at Llano, Texas, in charge of its transportation at that point, for three stable stock cars, etc.

The statute requires railway companies to furnish suitable cars for transportation of sheep, goats, hogs, and calves. Sayles' Civ. Stats., art. 4227b, secs. 1, 2. But it is not required, by statute or otherwise, that stable cars shall be furnished for the shipment of such freight.

Article 4227a, under which Slator recovered the penalty in this case, fixes the penalty for a failure to furnish cars when applied for in the manner therein prescribed; it does not designate the character of the cars to be furnished.

Therefore a shipper has no right to demand that a particular kind of car shall be furnished, and recover the penalty for a failure to furnish such car, unless he shows by averment and proof that no other car would be proper or suitable for the transportation of the freight he desires to ship, or that the railway company had by contract obligated itself to furnish the particular car.

There are no such averments in the petition under consideration. It does not allege a failure to furnish sufficient and proper cars; but seeks to recover the penalty for a failure to furnish stable cars. If the petition is good, proof of a tender by the railway company of other cars equally as suitable as stable cars would have been no defense.

The rule is well settled that statutes which impose penalties are to be strictly construed; and those who seek to recover such penalties must bring their cases clearly within the terms of the statute. Schloss v. Railway, 85 Texas, 601; Bonner & Eddy v. Co-operative Association, 4 Texas Civ. App., 166.

As a prerequisite to a recovery of the penalty prescribed by the statute, the shipper must make application in writing to the superintendent or person in charge of transportation.

It is urged that a written application presented to a local agent of a railway company is not a compliance with the statute; that such agent is neither the superintendent nor the person in charge of transportation, as those terms are used in the statute.

Another section of the same statute (Sayles' Civil Statutes, article 4227a, section 4), requires the shipper, at the time of applying for cars, to deposit with "the agent of the company" one-fourth of the amount of the freight charge for the use of such cars, unless the railroad shall agree to deliver the cars without such deposit.

It has been held, that in the absence of testimony showing a limitation upon his authority, a local station agent of a railway company has authority to bind the railway company by contract to furnish cars at a particular time. Easton v. Dudley, 78 Texas, 239.

Considering all the provisions of the statute, we think that the petition shows that the application was in compliance with its requirements—that the local agent at Llano, in charge of the railroad's transportation at that point, was "in charge of its transportation," as that term is used in the statutes.

The other objections urged against the petition are not regarded as sound.

For the reasons already stated, no judgment should have been rendered for the penalty.

The judgment of the court below for $203 actual damages will be affirmed; on the penalty branch of the case the judgment will be reversed and the cause remanded.

*Affirmed in part, and reversed and remanded in part.*

Delivered May 2, 1894.