## WELLS FARGO & CO. EXPRESS v. HENNESSY.

(Court of Civil Appeals of Texas. Austin. April 16, 1913. Rehearing Denied May 21, 1913.)

1. CARRIERS (§ 47*) — FURNISHING CARS — STATION AGENTS—AUTHORITY.

A station agent has authority to bind the carrier by contract to furnish a particular kind of car for the transportation of fowls.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 107, 108, 134–141, 204; Dec. Dig. § 47.*]

2. PRINCIPAL AND AGENT (§ 116*)—AUTHORITY OF AGENT—PRIVATE INSTRUCTIONS.

One dealing with the agent of an express company is not bound by secret instructions given him by the company.

[Ed. Note.—For other cases, see Principal and Agent, Cent. Dig. §§ 377, 377½; Dec. Dig. § 116.*]

3. APPEAL AND ERROR (§ 1058*)—HARMLESS ERROR—EXCLUSION OF EVIDENCE.

Where two witnesses were permitted to testify fully as to a station agent's want of authority to contract to furnish a compartment car for the shipment of fowls, any error in the court's refusal to permit the agent to testify that he had no such authority was cured.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4195, 4200–4204, 4206; Dec. Dig. § 1058.*]

4. CARRIERS (§ 47*) — SPECIAL CARS — CONTRACT TO FURNISH—AUTHORITY OF AGENT—INSTRUCTIONS.

An instruction that defendant express company's local agent had no authority to contract to furnish a compartment car for the transportation of fowls was properly refused, since the agent, acting within the apparent scope of his authority, could bind the express company to furnish a special car, irrespective of what had been its usual course of business or private instructions to its employés.

[Ed. Note.—For other cases, see Carriers, Cent. Dig. §§ 107, 108, 134–141, 204; Dec. Dig. § 47.*]

Appeal from Llano County Court; A. H. Wilbern, Judge.

Action by M. C. Hennessy against the Wells Fargo & Co. Express. Judgment for plaintiff, and defendant appeals. Affirmed.

Baker, Botts, Parker & Garwood, of Houston, and W. B. Garrett, of Austin, for appellant. F. J. Johnson, of Llano, for appellee.

RICE, J. In December, 1911, appellee lived at Llano, and was engaged in the business of buying and shipping poultry. About the middle of said month he contemplated shipping a car load of turkeys from Llano to New Orleans for the Christmas trade, but before buying turkeys he went to the express company, for the purpose of procuring a poultry car in which to ship them. According to his testimony he wanted a poultry car with compartments built in it for shipping turkeys, and so advised the agent, who agreed to furnish said car, in accordance with his request, for the purpose stated. Appellee further testified that he wanted this car in order to save freight for coops. Upon the strength of this contract, appellee purchased 1,062 turkeys for shipment to New Orleans. His testimony as to what occurred between himself and the agent was fully corroborated by the witness Wilbern. The agent of appellant, however, denied making such contract, and testified that he had no authority so to do, but only agreed to furnish a regulation car, which he did. When the car arrived, it was found that it was not a compartment car, such as ordered, but that it only contained a few empty coops. Appellee then requested the privilege of fitting compartments in the car, but this was denied him; whereupon he was compelled to buy material and make the coops for the shipment of the turkeys, which he did, and thereafter brought this suit in the justice's court for the cost of such material and making 75 coops at $1.15 each, amounting to $86.25, and also for excessive expressage paid on the weight of said coops, amounting to the further sum of $95.80, aggregating $182.05.

After a general demurrer and general denial appellant specially denied that its agent had any authority to make the contract appellee claimed, but that it only undertook to furnish a suitable car for the shipment of plaintiff's turkeys, and such as is generally used by it for such purpose.

Appellee recovered judgment in the justice's court, from which an appeal was taken to the county court. A jury trial in said last-named court resulted in favor of appellee for the full sum sued for, from which this appeal is prosecuted.

It is earnestly insisted on the part of appellant that its local agent was not authorized to make a contract for furnishing a car with compartments, such as appellee claimed he did. The rule with reference to the acts of an agent within the apparent scope of his authority seems to be well stated in Hutchinson on Carriers, 267–269, as follows: "Unless special reasons, known to the shipper, restrict the general powers of the agent, the public have the right to assume that the agents of the carriers, whether corporation or not, and whether such agents be local or general, have the right to bind such carriers by contracts with their employés in the particular line of business in which they are employed, or are represented or held out as being employed, and within the scope of the business of their principals."

[1] It has frequently been held in Texas that a station agent has authority to bind his company for a contract to furnish cars. See Easton v. Dudley, 78 Tex. 238, 14 S. W. 583; Austin & N. W. R. Co. v. Slator, 7 Tex. Civ. App. 344, 26 S. W. 233; McCarty v. Gulf, Colorado & Santa Fé Ry. Co., 79 Tex. 37, 15 S. W. 164; Pecos, N. T. Ry. Co. v. Bishop et al., 154 S. W. 305; G., C. & S. F. Ry. Co. v. Hume, 87 Tex. 211, 27 S. W. 110. With reference to the station agent's authority, it is said in 1 Elliott on Railways, § 303, p. 428, that his general authority being established it has been decided that he would be held to possess authority to bind the company by a contract to furnish cars by a certain day. See, also, as to the right of an agent to bind his principal, when acting within the apparent scope of his authority, 31 Cyc. 1331 et seq.

[2, 3] By the fifth assignment it is urged that the court erred by refusing to permit appellant to prove by the witness Carter, its local agent, that he had no authority to con-

tract with plaintiff, Hennessy, for the compartment car for the shipment of the turkeys, and that he was not authorized to bind it to furnish such car. Evidence offered to this effect was excluded. It is immaterial as to what this witness would have testified relative to his private instructions from the company, because appellee could not be bound by such secret instructions. But, apart from this, the record shows that two other witnesses were permitted to and did testify fully as to the want of his authority in this respect, as claimed by appellant, for which reason, if no other, said ruling was harmless.

[4] The court did not err in refusing to give appellant's special charge to the effect that its local agent would not be authorized to enter into a contract that would be binding on defendant to furnish a car for the transportation of property by express, different in character from the cars used by such company in the conduct of its business as an express company in this state. This charge was properly refused. An express company is a common carrier of goods which it receives and undertakes to transport. 6 Cyc. 369, and note. The local agent, acting within the apparent scope of his authority, could bind the company to furnish the special car ordered, irrespective of what may have been its usual course of business or the private instructions to its employés in this respect, as indicated by the authorities above referred to, provided the shipper had no knowledge of such alleged want of authority; and the evidence in this case is ample that appellee had no such knowledge.

The remaining assignments have been duly considered, and are regarded as not well taken.

We think the facts of this case sustain the judgment of the court below, and it is therefore affirmed.

Affirmed.