AMERICAN NAT. INS. CO. v. HOLLINGSWORTH. (No. 5663.)

(Court of Civil Appeals of Texas. Austin. Oct. 11, 1916. Rehearing Denied Nov. 29, 1916.)

1. INSURANCE ☞602—ACTIONS ON POLICIES —COSTS AND ATTORNEY'S FEES—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, providing that, if an insurance company liable therefor refuses to pay a loss within 30 days after demand, it shall be liable to pay the holder 12 per cent. damages on the amount of the loss and reasonable attorney's fees for its prosecution and collection, as a corporation can only act through its agents, such demand can be made upon any agent of the company shown to be duly authorized to act for it in the premises.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1117; Dec. Dig. ☞602.]

2. INSURANCE ☞602—ACTIONS ON POLICIES —COSTS AND ATTORNEY'S FEES—STATUTE.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, proper demand for payment is a prerequisite to the demand for penalty and attorney's fees, and mere furnishing of proof of loss and filing suit is not sufficient.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1117; Dec. Dig. ☞602.]

3. EVIDENCE ☞555 — OPINIONS—EXAMINATION—EXPERT WITNESSES.

In an action by beneficiary of life policy on the issue of attorney's fees allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, upon failure of company to pay loss 30 days after demand, in the absence of proof of the amount of services performed by the attorneys prosecuting the case, it was improper in interrogating expert witnesses as to the value of such services, to recite what was done by counsel in the preparation of the case.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 2376; Dec. Dig. ☞555.]

4. APPEAL AND ERROR ☞206(2)—PRESERVATION OF OBJECTIONS—EXAMINATION OF EXPERT.

In an action by beneficiary of life policy, on the issue of attorney's fees allowed by Vernon's Sayles' Ann. Civ. St. 1914, art. 4746, where defendant insurance company did not object that no proper predicate was laid for a recitation of what was done by counsel in preparing the case, in interrogating expert witnesses as to the value of such services, the error was not reversible.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1273, 1286–1289; Dec. Dig. ☞206(2).]

Appeal from McLennan County Court; Geo. N. Denton, Judge.

Action by Mary L. Hollingsworth against the American National Insurance Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

J. L. Shelton, M. C. H. Park, and J. D. Williamson, all of Waco, for appellant. Cross & Rogers, of Waco, for appellee.

RICE, J. Prior to his death in February, 1914, Evans Hollingsworth took out two policies of insurance with appellant, each of which was payable to his wife, Mary L. Hollingsworth. One of these was a sick benefit policy, and the other a "whole life policy." After his death, payment not being made, appellee brought this suit against appellant to recover thereon, as well as for the statutory 12 per cent. damages and attorney's fees. Appellant pleaded payment, and denied the right on the part of appellee to recover penalty and attorney's fees, on the ground that no statutory demand had been made for the payment of said policies. A jury trial resulted in a verdict in behalf of appellee in the sum of $165, with 12 per cent. penalty, amounting to $19.80, and $200 attorney's fees, and upon which judgment was duly rendered, from which this appeal is prosecuted.

[1; 2] The principal questions raised by this appeal are: (1) Whether the statutory demand for payment must be made upon the company alone, and not upon an agent; (2) if permitted to be made upon an agent, whether the demand in the instant case was made upon an agent of the company authorized to

receive such demand; and (3) if so, whether the amount recovered for attorney's fees was excessive. The statute upon which recovery for the penalty and attorney's fees is predicated provides that in cases where a loss occurs, and the insurance company liable therefor shall refuse to pay the same within 30 days after demand therefor, such company shall be liable to pay the holder of such policy, in addition to the amount of the loss, 12 per cent. damages on the amount of such loss, together with reasonable attorney's fees, for the prosecution and collection of such loss. Article 4746, vol. 3, Vernon's Sayles' Rev. Civ. Stats. As a corporation can only act through its agents, it seems to us that such demand can be made upon any agent of the company duly authorized to act for it in the premises. To hold otherwise, we think, would be to render the statute inoperative. Sabine & East Tex. Ry. Co. v. Cruse, 83 Tex. 460, 18 S. W. 755. We are not satisfied, however, in the instant case with the proof offered to show that the agent upon whom the demand was made was authorized to act for the company in this regard. It is true it is shown that he was the general superintendent of agencies in and for McLennan, Hill, and Falls counties. But the proof failed to show that he was authorized to act for the company in making settlement or payment of losses, or to act for the company in the adjustment of this particular loss. Proper demand under the statute for payment of the loss is a prerequisite to the demand for penalty and attorney's fees. Mere furnishing of proof of loss and filing suit is not sufficient. See Ford v. Mutual Life Ins. Co., 103 Tex. 522, 131 S. W. 406. There was an effort on the part of appellee to show demand upon the company by letter mailed and addressed to its home office, but the contents of this letter are not shown, nor does it appear from the evidence that any demand was made therein for payment of the loss. If such demand had been made therein it seems this could have been shown.

In construing a somewhat similar statute, in Railway Co. v. Cruse, supra, Mr. Chief Justice Stayton held that:

"Penalty shall not be recoverable unless notice be given to the railway company; and by the latter we would understand to be meant some officer of the company clothed with general powers."

If in the instant case it can be shown that Russell, upon whom demand for payment was shown to have been made, while not a general officer of the company, was authorized by it to make settlement of this particular loss or losses of like character, then we think the company would be bound by proper demand made upon him for payment thereof.

[3, 4] We do not think it was proper, in the absence of proof showing the amount of services performed by the attorneys prosecuting the case, in interrogating expert witnesses as to the value of such services, to recite what was done by counsel in the preparation of the case for trial. But, as appellant failed to object on the ground that no proper predicate was laid therefor, this is not deemed reversible error. We are not prepared, however, to approve the amount of the verdict for attorney's fees.

For the errors indicated, the judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes