## CROSS v. WILSON.

### No. 3485.

Court of Civil Appeals of Texas. Amarillo.

Dec. 17, 1930.

court of Hutchinson county, Tex. There are only two questions presented to us for review. The first is one relating to the sufficiency of service of citation upon the defendant to sustain the judgment, and the second presents a question: Is the plaintiff's original petition upon which the judgment was based sufficient in law to support such judgment by default?

Under our view of the case, we think the first question presents an immaterial matter, for the reason that, if the judgment in the case is reversed by us, the case will stand for hearing in the trial court without the necessity for a citation being served upon the defendant, and that question will not arise again.

The test as to whether or not a judgment by default will stand upon the plaintiff's pleadings is: Is the petition good or bad as against a general demurrer?

This being a suit to recover from the defendant as court reporter for alleged excess fees charged for a transcript of the evidence, based upon article 2324, R. C. S., 1925, we quote that part of said article that is material to the discussion of the question here involved, which is as follows:

"When any party to any suit reported by any such reporter shall desire a transcript of the evidence in said suit, said party may apply for same and shall indicate whether he desires same in question and answer form or in narrative form. In the event such transcript should be ordered in question and answer form, then such reporter shall make the same up in duplicate in question and answer form, and shall receive as compensation therefor the sum of fifteen cents per hundred words for the original. In the event said transcript should be ordered made in narrative form, then such reporter shall make up same in duplicate in narrative form, and shall receive as compensation therefor the sum of twenty cents per hundred words for the original; provided, that in case any reporter charges more than the fees herein allowed he shall be liable to the person paying the same a sum equal to four times the excess so paid."

This statute providing for a recovery of four times the amount of an excess charged is in its nature a penalty statute, and the petition must therefore, in order to present a cause of action, specifically comply with the requirements of the statutory provisions.

The charging part of plaintiff's petition is as follows:

"Plaintiff represents and shows unto the court that at the time of the trial of said cause, aforesaid, in the District Court of the 84th District of Hutchinson County, Texas, and at all times since then the said defendant, J. Henry Cross has been and still is the official shorthand reporter of said 84th Judicial

Cooper & Lumpkin, of Amarillo, for plaintiff in error.

Aynesworth & Aynesworth, of Stinnett, for defendant in error.

RANDOLPH, J.

This writ of error is prosecuted from a judgment by default rendered by the county

District in and for Hutchinson County, Texas, and as such is empowered, authorized and required by law to make shorthand notes of the oral testimony given upon the trial of any cause pending in said court if so requested and demanded by any of the litigants therein trying their cause; that plaintiff after the trial of said cause, as aforesaid, requested of and from the said defendant J. Henry Cross, a transcript of the evidence so given in the trial of said cause aforesaid, and the defendant did thereafter in and by virtue of the authority vested in him as the official shorthand reporter for said court made and presented to this plaintiff a transcript of the evidence, as aforesaid, and did present to and demand of this plaintiff a bill of said services in the sum of $210.50, and did then and there demand that this plaintiff pay him, the said J. Henry Cross, the said sum of $210.50 for the delivery of said official transcript of the evidence, as aforesaid, and plaintiff did then, in order to procure the delivery to him and his said attorney of the transcript of the said evidence, as aforesaid, pay to the said defendant the sum of $210.50.

"This plaintiff would further represent and show unto the court that the defendant, J. Henry Cross, was entitled to and authorized by virtue of the law governing and controlling the appointment, rights and duties of shorthand reporters for the District Courts of the State of Texas, to charge the sum of fifteen cents per hundred words for the transcript of the evidence so given upon the trial of said causes in said 84th District Court and the said J. Henry Cross, defendant herein was then and there authorized to charge this plaintiff the sum of fifteen cents per hundred words shown in said transcript of the evidence but notwithstanding the right charge of fifteen cents per hundred words the said defendant, J. Henry Cross, fraudulently, falsely and corruptly and knowing the same to be false, fraudulent and corrupt charged plaintiff fifty cents per page and an aggregate payment of the sum of $210.50, and the said sum was demanded of this plaintiff and the same had to be paid as a condition precedent to the delivery of the transcript of the evidence in said cause to this plaintiff.

"Plaintiff would further represent and show unto the court that the defendant fraudulently, falsely and corruptly overcharged this plaintiff to the extent of the sum of $89.00; that said statement of facts only amounted to $121.00 and that by reason thereof and the overcharge, as aforesaid, the said defendant became liable, bound and promised to pay to this plaintiff for such excessive, fraudulent, false and corrupt charges four times the amount thereof or the total sum of $356.00 as in such cases is made and provided."

It is true that, in a petition based on a cause of action which requires the performance of a duty owing to the plaintiff by the defendant and which duty has been breached, or when presenting an omission to perform some duty, the rule recognizes that all reasonable intendments will be indulged to sustain the pleading. But this rule does not apply to a petition to enforce a penalty.

The rule is that all issuable facts must be alleged in pleading in order to admit necessary evidence to support them. Pacific Express Co. v. Darnell Bros., 62 Tex. 639. Therefore every requirement of such statute becomes an issuable fact, and, as stated, must be specifically alleged, and no reasonable intendments will be indulged.

It will be observed that the portion of the article quoted requires that a party to a suit reported by such reporter who desires a transcript of the evidence in said suit may apply for same, and shall indicate whether he desires same in question and answer form or in narrative form. It further appears that the court reporter under the provisions of said article is entitled to charge 15 cents per hundred words when he prepares such question and answer transcript, and, in the preparation of a narrative transcript, his compensation is placed at twenty cents per hundred words for the original. Therefore, whether or not the reporter was directed to make out a question and answer form of transcript or a narrative form becomes a material and issuable fact to be alleged in the petition. The petition should also allege the number of words contained in the transcript of the evidence ordered and actually received by the plaintiff, in order to determine the compensation which the reporter could by law receive. These allegations are material, because the reporter can only be penalized for a breach of his duty in the particular excess charged.

The rule is well settled that statutes which impose penalties are to be strictly construed, and those who seek to recover such penalties must bring their cases clearly within the terms of the statute. A. & N. W. Ry. Co. v. Slator, 7 Tex. Civ. App. 344, 26 S. W. 233; Schloss v. A., T. & S. F. Ry. Co., 85 Tex. 601, 22 S. W. 1014; Sabine & E. T. Ry. Co. v. Cruse, 83 Tex. 460, 18 S. W. 755.

We therefore withdraw our original opinion in this cause.

The motion for rehearing is granted, and the affirmance of this cause heretofore entered is set aside, and the judgment of the trial court is reversed, and the cause is remanded for a new trial.