## STATE et al. v. McKINNEY.
### No. 2670.

Court of Civil Appeals of Texas. Beaumont.
Nov. 8, 1934.

James V. Allred and J. A. Stanford, Jr., both of Austin, for appellants.

Collins & Fairchild, of Lufkin, for appellee.

COMBS, Justice.

Appellee, Frank McKinney, as plaintiff, brought this suit in the district court of Angelina county, Tex., against the state of Texas and the highway commission of Texas, to recover damages for personal injuries alleged to have been sustained by him while an employee of the state highway commission of Texas. It is alleged that, while the plaintiff was engaged as a workman in the service of the defendants, and engaged in building the road bed of highway No. 35, his fellow employee while acting in the scope of his employment, "carelessly, negligently, and willfully drove an automobile upon and against and over said plaintiff, while plaintiff was engaged in the performance of his duties to the defend-ants," as a result of which he was seriously and permanently injured. Plaintiff, in his petition, pleads in hæc verba a resolution of the Texas Legislature (H. C. R. No. 90) adopted by the House May 30, 1933, and by the Senate June 1, 1933 (Laws 1933, p. 1023), authorizing him to bring the suit against the state and the state highway commission in the district court of Angelina county, and providing for service of citation and other process upon the chairman of the highway commission of Texas. The resolution grants permission to the said Frank McKinney, his heirs, executors, and administrators, to bring the suit "in order to ascertain, fix, and award the amount of money, if any," he or they "are entitled to receive from the State of Texas and the Highway Commission of Texas as compensation by reason of such injuries and resulting damages." Citation was had upon the chairman of the highway commission, and on appearance day, no answer having been filed on behalf of defendants, plaintiff took judgment against them by default, and the court set the hearing for the ascertainment of the amount of damages for a later date of the term. At that time the defendants filed a motion to set aside the default judgment on the ground that citation had not been delivered to the Attorney General's department, in time for answer to be filed on or before appearance day. The motion to set aside the default judgment was overruled, and, upon a hearing of evidence as to the extent of injuries, judgment was entered in favor of the plaintiff for $10,-000, and the defendants have appealed.

It is well settled that to support a default judgment the plaintiff's petition must state a cause of action. Seastrunk v. Pioneer Savings & Loan Co. (Tex. Civ. App.) 34 S. W. 466; Nichols v. Murry (Tex. Civ. App.) 284 S. W. 301; Cross v. Wilson (Tex. Civ. App.) 33 S.W.(2d) 575. In this case plaintiff's petition states no cause of action. The petition discloses that at the time of his injuries the plaintiff was engaged in the performance of a governmental function for the state, as was his fellow employee through whose negligence he is alleged to have been injured. An injury so received gave rise to no liability against the state, nor did the resolution of the Legislature, under which the suit was brought, have the effect of creating a liability against the state and in favor of the plaintiff. These very questions were before the Austin Court of Civil Appeals in the very recent case of Brooks v. State, 68 S.W.(2d) 534. The opinion of Justice Baugh in that case very clearly and

succinctly states the principles of law which control the case before us. The Supreme Court has recently denied a writ of error in the Brooks Case. It would serve no useful purpose for us here to attempt to add anything to what Judge Baugh said in that case.

It follows that the judgment of the trial court must be reversed and judgment here rendered in favor of appellants, and it is so ordered.