Mr Justice Story
delivered the opinion of the. Court.
This is the case of an appeal from a decree of the circuit. court of the district of Pennsylvania, in a suit in equity. The bill ivas filed by Samuel Packer, and asserts, thatone-Matthias Aspden, a c-itizfen of Pennsylvania, made his will, dated in Philadelphia, oii the Glh of December. 1701 ; ami- thereby bequeathed all his estate, real and personal, to his heir at law, and - afterwards died in August 1824 , and his will was proved and letters testamentary were taken out in Pennsylvania by the ap-pellee, under which lie has received large sums of'money ; and the bill then asks for a decree, in favour of Packer, who asserts himself to be the true and only heir at,-law of Matthias Aspden, and that he is solely entitled under 1 lie bequest. The answer of the executor states,from information and belief, that the testator ' •was born in Philadelphia, which'was the t'esidence of his parents, about 175(3; thafTho continued to reside there, doing busi- ' ness as a merchant, with so.me success, before he was twenty-one years of age; that before the Breaking out of the, war between Great Britain and'America in 177G, being still a minor, be'went to England, with what view; the executor is not,.from his own knowledge, able to say — but he believes that he went with an *502 impression, that ihe power of Great Britain must soon prevail in putting clown resistance in America; that the testator subsequently came several times to tire United States, and invested large sums in government stocks and other securities; but whether after so returning to tire United States, the testator went back to England as his home, or only for the purpose of superintending his property, and whether the testator didin' fact change his domicil, the executor (save and except as appears from the facts) doth not know, and is unable to answer; but he believes that the testator, when in England, considered himself as an alien, &c.; and he died in King street, Holborn, London. The answer also states, that the executor proved the will, and took out letters testamentary in England ; and states certain proceedings had upon a bill in chancery.in England, against him, by one John Aspden there; claiming to be the heir at law of the testator ; and annexes to his answer a copy'of the bill. He also alleges, that several other persons have made claims to the same property, as next of kin of the testator, of wjiose names, &c. he annexes a schedule.
. Various' proceedings were had in the circuit court of Pennsylvania; and a reference-was made to a master to examine and state who were all the heirs, and next of kin., of the testator. The master made a report, which was afterwards confirmed ; and.thereupon a final decree was made by the court, in favour of John Aspden of Lancashire in England, one of the persons who made claim before the master, as entitled, as heir at law, to the personal estate in the hands of the executor; and’ the claims of the other persons claiming as heirs at law, were dismissed ; and the present appeal has been taken by several of these claimants.
The cause having come before this court for argument upon the merits'; a question occurred whether the frame of the bill, taken by itself, or taken in connexion with the answer, contained sufficient matter upon which the court could proceed to dispose of the merits of the cause, and make a final decision._ The' bill contains no averment of the actual domicil of the testator at the time of the making of his will, or at the time of his death, or at any intermediate period. Nor does the answer contain any averments of domicil, which supply these *503 defects in the bill, even if it-.could so do; as we are of opinion, in point of law, it could not. Every bill must contain in itself sufficient matters of fact, per s'e, to maintain the case of the plaintiff; so that the same may be put in issue by the answer, and established-by the proofs. The proofs must be-áccording to the allegations of the parties: and if the proofs go to matters not within the allegations, the court cannot judicially act upon them as a ground for its decision : for-the pleadings do not put them in contestation. The allegata and the probata must reciprocally meet and conform to each other. The case cited at the bar, of Matthew v. Hanbury, 1 Vern. Rep. 187, does not in any manner contradict this doctrine. -The. proofs there offered were founded upon allegations in the bill, and went directly to overthrow the consideration ^of the bonds, set up in the answer,-in opposition to the allegations of the bill ,• the latter having asserted that'the bonds were obtained by threats and undue means, and not' for any real debt, or other good consideration. Is, then, any averment of the actual domicil of the .testator, under the circumstances of the present case, proper and necessary to be made in the bill,,.in order to enable the court to come to a final decision upon ¡the merits? We think that it is, for the reasons which will be^ presently stated.
The point was never brought before the circuit court for consideration ; and, consequently, was not acted on by that court. It did not attract attention, (at least as far as we know) on either side, in the argument there made; and it was probably passed over, (as we all know matters of a similar nature are every where -else) from the mutual understanding that the merits were to be tried, and without any minute inquiry whether the merits were fully spread upon the record. It -is undoubtedly an inconvenience, that the mistake- has occurred; but-we do not see hc-.v the court can, on this account, dispense with what, in their judgment, the law will otherwise require.
The present is the case of a will, and so far at least as the matter of the bill is concerned, is exclusively confined to personalty bequeathed by that will. And the court are called upon to give a construction to the terms of the will; and in an especial mannerto ascertain, who is meant by the words “ heir at law,” in the leading bequest in the will. The language of wills is *504 not of universal interpretation, having the same, precise import in all countries. and under all circumstances. They are supposed to speak the sense of ■’'•the testator, according to the received-laws or usages of the country where he is domiciled, by a sort bf tacit reference ; unless there is something in the language which repels or controls such a conclusion. In regard to personalty in an '' especial manner, the law of the place of the testator’s dotnicil governs.in the distribution thereof, and will govern in the interpretation of wills thereof; unless it is manifest that the testator had the laws of some other country in his own view.
'No one can doubt, if a testator born and domiciled in England during Iris whole life, should, .by his will, give his personal estate to his heir at law; that the descriptio person» ,. would have reference to' and be governed by the import of the terms in the sense of the laws of England. Tiie import of •them might be'very different, if the testator were born and domiciled in France, in Louisiana, in Pennsylvania, or in Massachusetts. In short, a will of personalty speaks according to the laws of the testator’s domicil, where there are no other circumstances to control, their application; and to raise the question, what the testator means, we must first ascertain what was his domicil, and whether he had reference to the laws of that place, or to the laws of any foreign country.- Now, the very gist of the present controversy turns upon the point who were the person,.or persons, intended 10 be designated by the testator, under the appellation of “ heir at law.” If, at the' time of making his will, and at his death, he was domiciled in England, and had a reference to its laws, the designation might indicate a very different person, or persons, from what might be the case, (we do not say what is the case) if, at the time of making his will, and of his death, he was domiciled in. Pennsylvania. In order to raise the question of the true interpretation and designation, it seems to us indispensable that the country, by whose laws his will is to be interpreted, should be first ascertained and then the inquiry is naturally presented, what the provisions of those laws are.
If this be the true posture of the present case, then the bill should allege all the material facts upon which the plaintiff’s title depends ; and the final judgment bf the court must be given, so as to put them in contestation in a proper and regular. *505 manner. And we do not perceive how the court can dispose of this cause without ascertaining \i'here the testator’s domicil was, at the time of his making his will, and at the time of his death; and if,so, then there ought to be suitable averments in the bill to put these matters in issue.
In order to avoid any misconception, it is proper to state, that we do not mean, in this stage of the cause,'to express any opinion, what would be tiie effect upon the interpretation of the will, if the domicil of the testator was in one country at the time of Iris making his will, and in another country at the time of his death. This point may well be left open for future consideration. But being of opinion, that an averment of. the testator’s domicil is indispensable in the bill, we think the case ought .to be' remanded to the circuit court, for the purpose of having suitable amendments made'in this particular;, and that it will be proper to aver the domicil at the time of making the will, and at the time of the death of the testator, and during-the intermediate period (if there be any'change), so that .the. elements of a full decision maybe finally brought before the court. The .petitions of the claimants should contain similar averments.
It appears, from the motions which have been made to this court, as well as from certain proceedings in the court below, which have been laid before us in support-thereof; that there are certain claimants of this bequest, asserting themselves to be heirs at law; whose claims have not been adjudicated upon in the court below, on account of their having been presented at too late a period. As the cause is to go back again for further proceedings, and must be again opened there for new allegations and proofs, these claimants will,have a full opportunity of presenting and proving their claims in the cause : ahd, we are of opinion, that they ought to be let into the cause for this purpose. In drawing up the decree, remanding the cause, leave will be given to them, accordingly. The decree of the circuit court is, therefore, reversed; and the cause is remanded to the ch-mit court, for further proceedings, in conformity to this opinion.