KEATING IMPLEMENT & MACHINE CO. V. FAVORITE CARRIAGE
CO. ET AL.

No. 2280.

1.  Foreign Corporation—Right to Sue—Failure to File Certificate, etc.—
    Pleading.

     An Ohio corporation brought an action for conversion of certain vehicles which
    it had placed with a Texas firm for sale on commission, and which had been
    seized by a creditor of such firm, and the defendant pleaded in answer a failure
    of plaintiff to comply with the requirements of the act of 1889, page 87, requiring
    "any foreign corporation desiring to transact business in this State, or solicit
    business in this State, or establish a general or special office in this State," to
    file with the Secretary of State a duly certified copy of its articles of incorpora-
    tion, and denying the right of any such corporation to maintain an action "in any
    of the courts of this State upon any demand, whether arising out of contract or
    tort, unless at the time such contract was made or tort committed" it had so
    filed its articles of incorporation; but such pleading nowhere alleged that the
    plaintiff corporation had ever transacted or solicited business or established an
    office in Texas, or that it had desired to do so. Held, that the pleading did not
    show plaintiff to be a foreign corporation of the class which the act of 1889 re-
    quired to file articles of incorporation with the Secretary of State, and would not
    warrant a judgment in bar of the action.

2.  Same—Interstate Commerce.

     The act of 1889, page 87, was not intended to apply, and does not in terms apply,
    to foreign corporations not undertaking to do business in this State, and could
    not be made to apply to such foreign corporations while engaged in interstate
    commerce.

3.  Same—Strict Pleading Required.

     The act of 1889, page 87, relating to foreign corporations, is penal in its conse-
    quences, and where a defendant who has tortiously converted the property of a
    foreign corporation invokes such statute in defense, he should be held to the same
    strictness in pleading as is required of one claiming a statutory penalty.

APPEAL from Tarrant.   Tried below before Hon. S. P. GREENE.

*John W. Wray* and *Nugent & Essex*, for appellant.—The court erred
in not rendering a judgment for appellants on his findings of fact, after
having found appellee was doing business in Tarrant County, Texas,
without its articles of association being filed with the Secretary of State
and a permit obtained from that officer to do business.   Sayles' Civ.
Statutes, sec. 574a, et seq.; Barber v. Boehme, 32 N. W. Rep., 221; Pierce
v. People, 106 Ill., 18; Beneo v. Yisler, 7 Pac. Rep., 331, and cases
cited; Dudley v. Collsin, 6 So. Rep., 305-306; 22 S. W. Rep., 744.

*Humphreys & McLean*, for appellees.—1.  The ruling of the court
complained of was correct.   The petition does not disclose a case to
which the law referred to is applicable.   It simply alleges, in substance,
that appellee, a foreign corporation, owned certain personal property
situate at Fort Worth, in the State of Texas, and that it was illegally de-
prived of that property by appellants or some of them, and they asked
judgment for its value.   There is no law requiring a foreign corporation
to file its charter with the Secretary of State of the State of Texas and
take out a license to do business, as a condition precedent to its right to

recover property illegally taken from it, or the value of the same. Land Co. v. Worsham, 76 Texas, 556; Railway v. Fire Association, 30 S. W. Rep., 350.

2. The "commission contract" referred to by appellants, was a single transaction entered into by appellee to save a debt, and cannot be construed into "doing business" in the sense that phrase is used in the statute referred to. United States v. Tel. Co., 29 Fed. Rep., 17; 8 Am. & Eng. Encycl. Law, 346-348, and notes.

STEPHENS, ASSOCIATE JUSTICE.—The Favorite Carriage Co., a private corporation of Ohio, doing business at Cincinnati, recovered judgment against appellant and others in the sum of $3246 for the conversion of a lot of wheeled vehicles, which had been sold on a credit by said carriage company to Culberson, Wright & Co., a firm doing business in Fort Worth, Texas, and afterwards returned to it in consequence of the insolvency of said firm. Having thus accepted the vehicles and cancelled its debt, the carriage company placed them in the hands of Culberson, Wright & Co. for sale on commission. Thereupon appellant caused them to be seized and sold under attachment as the property of said insolvent firm.

The sole defense interposed to this action for conversion is founded upon the act of 1889 (p. 87), requiring any foreign corporation "desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State," to file with the Secretary of State a duly certified copy of its articles of incorporation, and denying the right of any such corporation to maintain an action "in any of the courts of this State upon any demand, whether arising out of contract or tort, unless at the time such contract was made or tort committed" it had so filed its articles of incorporation.

Appellant urged the defense by plea in abatement, on demurrer, and in bar. The plea in abatement was stricken out on motion and exceptions, because it came too late. This action was proper, if, as the court held, such defense cannot be interposed in bar of the action.

The contention of appellant's counsel seems quite plausible that this defense, like that of outlawry or alien enemy, is available in either form. 1 Chitty's Pleading, 446-7. But if there was error in restricting it to a plea in abatement, which we need not decide, we are still of opinion that the pleadings would not have warranted a judgment in bar of the action. It was nowhere alleged that the Ohio corporation in question had ever transacted or solicited business or established an office in Texas, or that it had even desired to do so. It was not, then, alleged to be a foreign corporation of the class which the Act of 1889 required to file articles of incorporation with the Secretary of State. That act was not intended to apply, and does not in terms apply, to foreign corporations not undertaking to do business in this State, and could not be made to apply to such foreign corporations while engaged in interstate commerce. Bateman v. Milling Co., 1 Texas Civ. App., 90.

The right of a foreign corporation to own property here is an undisputed one, and yet it would be an empty right indeed if a trespasser might seize and convert such property to his own use with impunity. Texas Land & Mortgage Co. v. Worsham, 76 Texas, 556; Telegraph Co. v. Trust Co. (147 U. S.), Book 37, 231.

The only consequence of the failure of corporations to which the act applies to comply with its requirements is exclusion from our courts, which is in the nature of a penalty to enforce obedience to the law. As said by the Supreme Court of Arkansas in construing a statute of this class, it "declares and limits the penalty of noncompliance. Having done so, the penal consequences cannot be extended beyond the boundaries so defined." Railway v. Fire Ins. Co., 30 S. W. Rep., 350.

Appellant sought to shield itself from the consequences of its own wrong by invoking the penal consequences of this law against the corporation whose property it had tortiously converted to its own use, and should, we think, be held to the same strictness in pleading as is required of one claiming a statutory penalty. A party who thus claims something for nothing should bring himself both by pleading and proof within the very terms of the penal statute. Murray v. Railway, 63 Texas, 407; Railway v. Cruse, 83 Texas, 460; Railway v. Loonie, 84 Texas, 259.

The facts stated in the petition did not bring the case within the terms of the act; hence the demurrer was properly overruled, as has been decided by this court. Reed v. Walker, 2 Texas Civ. App., 92. Nor did the answer, including the plea in abatement, do it; for it only alleged that the carriage company was a foreign corporation and that it had not filed its articles of incorporation as required by the Act of 1889. The mere fact of its being a foreign corporation, and no other fact, was alleged to show that it was required to conform to the law in question.

We doubt, also, if the court's findings of fact, the record containing no statement of facts, justify the conclusion that appellee carriage company was engaged in any other than interstate business. Cooper v. Freeman, 113 U. S., Book 28 (L. Ed.), 1137. It is clear that it was engaged in that business, and that the single transaction in question was but an incident thereof.

It seems to be conceded that it had the right to take the vehicles back in self-protection, but it is insisted they should have been reshipped to Ohio and not sold here. Such requirement would seem to be unreasonable. In many instances the character of the goods, the freight rates, and the difference in the markets would practically forbid such reshipment. It would tend to interfere with the freedom of interstate traffic, which can only be regulated by Congress. But we do not find it necessary to decide this question.

Because the pleadings and findings of fact admit of no other judgment, it is affirmed.

*Affirmed.*