GEISER MANUFACTURING COMPANY v. N. A. GRAY.

Decided March 12, 1910.

**Foreign Corporation—Permit to do Business—Pleading.**

The statute concerning a permit to do business (Art. 745, Sayles Civ. Stats.) applies only to those foreign corporations "desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State," hence in a suit by a foreign corporation upon a promissory note, the petition would not be subject to exceptions on the ground that it contained no allegation that the plaintiff had complied with the requirements of said article unless it appear therefrom that the plaintiff corporation came within

the class forbidden to prosecute suits in the courts of this State without a permit.

Appeal from the County Court of Potter County. Tried below before Hon. W. M. Jeter.

*Hugh L. Umphres* and *J. T. Harrison*, for appellant.—Every private corporation, as such, has power to maintain and defend judicial proceedings in this State unless it is a foreign corporation desiring to transact or to solicit business in this State or to establish a general or special office in this State. ·Articles 651, 745, 746, Rev. Civ. Stats., 1895; Allen v. Tyson-Jones Buggy Co., 91 Texas, 22; Keating Imp. & M. Co. v. Favorite Carriage Co., 12 Texas Civ. App., 666; Brin v. Wachusetts Shirt Co., 43 S. W., 295; Chapman v. Hallwood Cash Reg. Co., 32 Texas Civ. App., 76.

The court erred in sustaining subdivision (a) of defendant's special exception to plaintiff's first amended original petition, because the allegations of said petition do not show that it is of that class of corporations contemplated by articles 745 and 746, Rev. Stats. of Texas. Bateman v. Western Star Milling Co., 1 Texas Civ. App., 90; Keating Imp. & M. Co. v. Favorite Carriage Co., 12 Texas Civ. App., 666; Brin v. Wachusetts Shirt Co., 43 S. W., 295; Chapman v. Hallwood Cash Reg. Co., 32 Texas Civ. App., 76.

*Reeder, Graham & Williams*, for appellee.—A foreign corporation instituting a suit or action in the courts of this State must show by its pleadings that it has a legal right to institute and prosecute such suit or action in the courts of this State. Bateman v. Western Star Milling Co., 1 Texas Civ. App., 90; Reed & Barton v. Walker, 2 Texas Civ. App., 92; Keating Imp. & Mfg. Co. v. Favorite Carriage Co., 12 Texas Civ. App., 666; Allen .v. Tyson-Jones Buggy Co., 91 Texas, 22; Brin v. Wachusetts Shirt Co., 43 S. W., 295; Barnhard Bros. & Spindler v. Morrison, 87 S. W., 377; DeWitt v. Berger Mfg. Co., 81 S. W., 334; King v. Monitor Drill Co., 42 Texas Civ. App., 288; Norton v. Thomas & Sons, 93 S. W., 711; Norton v. Thomas & Sons, 99 Texas, 578; Lyons-Thomas Hardware Co. v. Reading Hardware Co., 21 S. W., 300; American Starch Co. v. Bateman, 22 S. W., 771; Miller v. Goodman, 91 Texas, 41; Taber v. Interstate Building & Loan Assn., 91 Texas, 92; Gale v. Finkelstein, 22 Texas Civ. App., 241.

SPEER, ASSOCIATE JUSTICE.—This suit was instituted by the Geiser Manufacturing Company and was to recover upon a promissory note executed by N. A. Gray, the defendant in the action. The defendant interposed a special exception to the sufficiency of the plaintiff's petition challenging the plaintiff's right to institute and maintain this suit without an allegation in its petition that it had complied with article 745, Sayles' Texas Civil Statutes, regulating the right of a foreign corporation to do business in this State. The trial court sustained this exception, and the plaintiff declining to amend, the court dismissed the cause and the plaintiff has appealed.

The allegations of the petition pertinent to the point thus raised are as follows: "The plaintiff is a corporation duly incorporated under and by virtue of the laws of the State of Pennsylvania, having its domicile and transacting its business in the city of Waynesboro, County of Franklin, State of Pennsylvania, and is now and was on all the days and dates herein mentioned doing business in said State of Pennsylvania, its business being the manufacture, sale and distribution of machinery at and within said city, county and State of its domicile, manufacturing the same for, and selling and distributing the same to, its customers throughout the United States of America in the manner aforesaid. That the defendant is an individual person and a nonresident of the State of Texas, being a resident of the State of Kentucky. . . . That heretofore, to wit, on the 10th day of January, 1908, for a valuable consideration the defendant made, executed and delivered to it his certain promissory note for the sum of six hundred and twenty-five dollars ($625), bearing date of the day and year last aforesaid, payable to the order of plaintiff," etc.

The article of the statute invoked reads: "Hereafter any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other State or of any Territory of the United States, or of any municipality of such State or Territory, or of any foreign government, sovereignty or municipality, desiring to transact business in this State, or solicit business in this State, or establish a general or special office in this State, shall be and the same is hereby required to file with the Secretary of State a duly certified copy of its articles of incorporation, and thereupon the Secretary of State shall issue to such corporation a permit to transact business in this State," etc. The succeeding article declares that no such corporation can maintain any suit or action in any of the courts of this State, unless at the time such cause of action arose the corporation had filed its articles of incorporation as required by law.

There is nothing in the statute, however, which forbids a foreign corporation such privilege merely because it is a foreign corporation, but as will be seen from the above quotation the prohibition applies only to those foreign corporations "desiring to transact business in this State, or solicit business in this State, or establish a general or special office ·in this State;" and even here, if the business involved is interstate business, by judicial interpretation the article has no application. There is nothing in the petition of appellant to show that it comes within the class of foreign corporations thus forbidden to prosecute suits in the courts of this State. Allen v. Tyson-Jones Buggy Co., 91 Texas, 22; Brin v. Wachusetts Shirt Co., 43 S. W., 295; Keating Implement & Machine Co. v. Favorite Carriage Co., 12 Texas Civ. App., 666 (35 S. W., 417); King v. Monitor Drill Co., 42 Texas Civ. App., 288 (92 S. W., 1046); Norton v. W. H. Thomas & Sons Co., 93 S. W., 711.

For the error of the court in sustaining appellee's special exception and in dismissing appellant's petition, the judgment is reversed and the cause remanded for another trial.

*Reversed and remanded.*