BLACKWELL–WIELANDY BOOK & STATIONERY CO. v. PERRY.

(No. 7272.)

(Court of Civil Appeals of Texas.  Dallas.
Feb. 27, 1915.)

1. JUDGMENT ⊙⟶460 — EQUITABLE RELIEF — PETITION.

An injunction against the enforcement of a judgment cannot be rendered even by default if the petition does not show all the facts necessary to entitle plaintiff to the relief prayed for, though the proofs supply the facts not alleged.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. ⊙⟶460.]

2. JUDGMENT ⊙⟶429 — EQUITABLE RELIEF — GROUNDS.

To authorize the granting of an injunction to restrain the enforcement of a judgment after the expiration of the time for appealing therefrom, it must clearly appear that the judgment was not the result of negligence, that there was a good defense to the action in which it was obtained, which the party was prevented from making by fraud, accident, or the acts of the opposite party, and that there is good cause to believe a different result would obtain on a new trial, and the pleadings and issues in the suit in which the judgment was rendered must be clearly set forth.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 808, 810–815; Dec. Dig. ⊙⟶429.]

3. JUDGMENT ⊙⟶460 — EQUITABLE RELIEF — PETITION—CONCLUSION.

A petition, which alleges only generally the nature of an action in which the judgment sought to be enjoined was rendered, and states as a conclusion, without alleging facts, that there was a meritorious defense to that action, which the defendant therein used 'due diligence to present, but was prevented by the acts of the opposite party, is not sufficient.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. ⊙⟶460.]

4. JUDGMENT ⊙⟶435 — EQUITABLE RELIEF — EXCUSE.

The fact that, after defendant had successfully pleaded his privilege to be sued in the county of his residence, plaintiff delayed five weeks in having the case transferred, and defendant was thereby induced to believe that the action had been abandoned, does not excuse his failure to defend the action so as to entitle him to enjoin the enforcement of the judgment.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 785, 821, 822; Dec. Dig. ⊙⟶435.]

5. JUDGMENT ⊙⟶460 — EQUITABLE RELIEF — PETITION—FOREIGN CORPORATION.

An allegation, in a petition to enjoin the enforcement of a judgment, that the judgment plaintiff was a corporation having an office in a certain city and county in Texas, and that it had no permit to do business in Texas, is not sufficient to show that it was a foreign corporation so as to render the judgment void.

. [Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 879, 880, 882–891; Dec. Dig. ⊙⟶460.]

6. CORPORATIONS ⊙⟶672—FOREIGN CORPORATIONS—ACTIONS—PERMIT TO DO BUSINESS.

Where a petition by a foreign corporation does not disclose that it was engaged in business in the state, or that the transaction took place within the state, or where it shows that it was an interstate transaction, it need not show, in the absence of a plea by defendant raising the question, a permit to do business within the state to entitle defendant to recover as would be necessary in other cases.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. ⊙⟶672.]

Appeal from Ellis County Court; J. C. Lumpkins, Judge.

Suit by W. C. Perry against the Blackwell-Wielandy Book & Stationery Company and another. Judgment for the plaintiff, and the defendant corporation appeals. Reversed and remanded.

Dedmon & Potter, of Ft. Worth, for appellant.  J. T. Spencer, of Waxahachie, for appellee.

TALBOT, J.   This suit was brought by the appellee, Perry, against A. W. Wilson and the appellant, Blackwell-Wielandy Book & Stationery Company, alleged to be a corporation having its principal office and place of business in St. Louis, Mo., on the 17th day of April, 1913, to restrain said company and the said A. W. Wilson, as sheriff of Ellis county, from levying an execution on property of the appellee. The execution in question had been issued on a judgment for $444.53, recovered by the appellant against the appellee and E. S. Crocker on the 7th day of December, 1912. Upon the presentation ot appellee's petition the county judge of Ellis county, by his fiat indorsed thereon, ordered the issuance of the injunction as prayed for upon appellee's giving bond in the sum of $950. This bond was given, with W. H. Brown and H. P. Gilpin as sureties, and the injunction issued. Service of the writ was duly had upon A. W. Wilson, the sheriff, and the appellant voluntarily filed an answer on February 14, 1914, containing a general demurrer and various special exceptions to the petition. Appellant also filed a cross-action, the nature of which need not be stated. The appellee filed an amended and first supplemental petition and on March 16, 1914, during a regular term of the court, the appel-

lant not appearing, judgment was rendered perpetuating the injunction which had theretofore been granted. Thereafter the appellant filed a lengthy motion to set aside the judgment and for a new trial, which was on May 5, 1914, overruled, and appellant perfected an appeal to this court.

Appellee objects to a consideration of the first and second assignments of error, because the first complains of the insufficiency of the allegations of appellee's original petition to authorize the relief sought, when that petition was superseded by the amended petition filed and thereby eliminated from the case, and because said assignment is vague, indefinite and multifarious and not in compliance with the rules; the consideration of the second assignment is objected to simply because it is not in compliance with certain rules prescribed for the government of the Courts of Civil Appeals. If it be conceded that the filing of the amended petition eliminated the original petition, and that the insufficiency of the allegations of the latter could not form the basis of an assignment of error in this court, yet we find that the allegations of the two petitions are practically the same in legal effect, except as to the location of the offices and places of business of appellant, and that the second assignment asserts the insufficiency of the allegations of the amended petition to warrant the relief prayed for and granted by the judgment of the court, and presents for our decision the same question of law raised by the first assignment. This being true, it is unimportant whether we do or do not consider the first assignment of error. In reference to the objection that the assignments are not in compliance with the rules, it is sufficient to say that we think they are at least in substantial compliance therewith, and that the objection should not be sustained. This brings us to a consideration of these assignments of error.

The first and second are, in substance, that both the appellee's original and amended petitions are subject to a general demurrer for want of the necessary allegations to authorize the granting of the relief prayed for, namely, a permanent injunction restraining the enforcement of the judgment rendered in favor of appellant against appellee for the sum of $444.53, on the 7th day of December, 1913. The propositions contended for are: (1) That a petition that does not set forth a cause of action and does not state facts sufficient to entitle the petitioner to the relief or judgment prayed for will not support a judgment by default; (2) a court of equity cannot properly interfere by enjoining the execution of a judgment regularly secured after the time for appeal has passed, unless the complainant shows three things: (a) That he had a good cause of action or defense to the original suit; (b) that he was prevented from presenting to the court, at the time of the trial, such cause of action or

defense by the fraud, accident, or act of the opposing party; (c) that he was guilty of no negligence or fault of his own; (3) under no circumstances can a judgment in an injunction proceeding be rendered perpetually enjoining the execution of a prior judgment, unless the prior judgment is void. These propositions embrace, substantially at least, correct principles of law, which being applied in this case require a reversal of the judgment of the trial court. The original petition, upon which the temporary injunction prayed for was granted, complained of the appellant, "Blackwell-Wielandy Book & Stationery Company, a corporation, having its principal office and place of business in the city of St. Louis, Mo.," and in the amended petition upon which the judgment herein appealed from was rendered, said appellant is alleged to be "a corporation, having an office in the city of Dallas, Dallas county, Tex." These are the only allegations tending to show the incorporation of the appellant or its places of business. The other pertinent allegations of the petitions are substantially that the judgment of December 7, 1912, in favor of the appellant, and which is sought by the present suit to be enjoined, was obtained by default; that said judgment is void because the affidavit made to the account, which formed the basis of said judgment and by which the same was proved, was untrue, false, and fraudulent, in that in the second paragraph of said affidavit it is stated "that said corporation is doing only an interstate business in the state of Texas by taking orders through its traveling salesmen, who send same to the company for acceptance or rejection, and that it has no agent, property, or office in Texas of any kind"; that said appellant did have an agent in Texas, and did have property in Texas, and did have an office and salesroom in the city of Dallas, Dallas county, Tex., rented by the year, and which it had occupied for the past six years; that said agent, namely, Dick Bond, was appellant's agent at said office, and not a traveling salesman; that said agent made a sale of property situated in said city of Dallas to this appellee and his partner in business, E. S. Crocker, which was shipped from Dallas, Tex., to said firm at Athens, Tex.; that said property was not ordered through said agent, but was bought direct from said agent, and was not shipped direct from St. Louis upon an acceptance order; that appellant had no lawful permit to do business in the state of Texas as a corporation, other than interstate business, and that any sale of property in this state by it would be illegal, void, and unenforceable under the laws of this state, and that a judgment based thereon would be void. Further allegations are to the effect that the treasurer and agent of appellant, who made the affidavit to the account which formed the basis of the judgment sought to be enjoined, could have had no personal knowledge of the matter to which

he swears, as he was located at St. Louis, Mo., and the goods were billed out by Dick Bond, agent, as aforesaid from its office in the city of Dallas, Tex.; that appellee had paid appellant all that he was due them long prior to the institution of the suit in which the judgment sought to be herein enjoined was rendered, and that he had a just and equitable defense to the subject-matter of said suit; that said suit was first instituted in Tarrant county, Tex., and later transferred to Ellis county, Tex., upon an order of the court sustaining appellee's plea of privilege to be sued in Ellis county, the county of his residence, and that the institution of said suit in Tarrant county was for the purpose of taking advantage of and defrauding appellee; that after the order transferring said suit to Ellis county was made appellant failed to exercise diligence in having the case removed to said county, but suffered about five months to elapse before said removal was effected; that by reason of the failure of the appellant to have said case removed to Ellis county for so long a time, he was led to believe that the same had been abandoned, otherwise he would have appeared and defended said suit; that the first intimation he had that said suit had been transferred to Ellis county, Tex., was when the sheriff of Ellis county informed him that he, said sheriff, had an execution against him in favor of appellant, and would have to make a levy on his property; that appellee "had a meritorious defense to said cause of action, and has used diligence to present it, and was prevented by the acts and conduct of said Blackwell-Wielandy Book & Stationery Company, and without any fault or negligence on the part of your petitioner"; that if appellant is not restrained from levying and selling the property of appellee under and by virtue of said execution, a great injustice and irreparable injury will be done him. The prayer of the petition is in the alternative, that the writ of injunction be made perpetual, or that the judgment sought to be enjoined be opened up, and the case in which it was rendered tried on its merits.

[1, 2] We think it is quite clear, in cases of this character, that unless the complainants' petition shows upon its face sufficient grounds for granting the relief sought, the court is not warranted in rendering judgment in accordance with the prayer either by default or otherwise. "Every bill must contain in itself sufficient matter of fact, per se, to maintain the case of the plaintiff;" and "the proofs must be according to the allegations, * * * and if they go to matters not within the allegations, the court cannot judicially act upon them, as a ground of decision." Harrison v. Nixon, 9 Pet. 483, 9 L. Ed. 201. In the early case of Hall & Jones v. Jackson, 3 Tex. 305, it is held that to maintain a judgment by default, the petition must set forth a cause of action with substantial accuracy and with sufficient certainty to inform the court what judgment to render, without looking for information to proofs not within the allegations, and the rule which should govern the action of the court in cases where a judgment is sought to be set aside or annulled after the expiration of the term at which it was rendered is plainly and forcibly announced in Johnson v. Templeton, 60 Tex. 238. In that case, after stating that where the final judgment of a court of competent jurisdiction has been once solemnly pronounced, it ought not to be lightly disturbed, and that, though the power of courts of equity to restrain final judgments and to entertain bills for new trial in such cases is well established, it has never, at any time, been regarded as a favorite one with chancellors, the court holds, in effect, that to obtain a new trial after the expiration of the term, or to restrain the enforcement of such a judgment, something more than that injustice has been done by the judgment must be shown; that it must further clearly appear: (1) That the former judgment was not caused by any inattention or negligence on the part of him who seeks to have it set aside, but that diligence was exercised to prevent it; (2) that he had a good defense to the action, which he was prevented from making by fraud, accident, or the acts of the opposing party, wholly unmixed with any fault or negligence on his part; (3) that there is good cause to believe that a different result will be obtained by a new trial; and (4) the pleadings and issues of the former suit, and its results must be set forth distinctly and clearly.

[3] Tested by these rules appellee's petition for the relief granted him was insufficient. The nature and character of the original proceedings in which the judgment sought to be enjoined was obtained are not set out with sufficient fullness, and all the facts alleged as grounds for the relief sought were matters of defense which could and should have been presented and urged in the original suit of the appellant, and no sufficient excuse is given why they were not so presented and urged. The petition abounds in conclusions of the pleader, but the essential facts to justify such conclusions, or to enable the court to determine whether or not they are correct, are in many material respects wanting. There are very general allegations that appellee had a meritorious defense to the action of appellant in which the judgment he seeks to enjoin was rendered; that he used due diligence to present it, and that he was prevented from doing so by the acts and conduct of appellant, but the facts constituting such defenses, save the insufficiently pleaded fact that appellee "had paid appellant all that he was due him," are not alleged, nor are the "acts and conduct" of appellant which are claimed to have prevented him from presenting his defenses in any manner set forth.

[4] There is, as heretofore stated, an allegation charging that appellant failed to use

diligence, after appellee's plea of privilege to be sued in the county of his residence was sustained, to have the original suit transferred from Tarrant county to Ellis county, and that by such failure appellee was induced to believe that the suit had been abandoned, but this did not justify and excuse his failure to appear and plead such defenses as he had to the suit. It does not sufficiently appear that appellant was chargeable with the delay in removing the case to Ellis county, but if it was, such delay did not relieve appellee of the duty to look after the case and present his defenses. In Slayden-Kirksey Woolen Mill v. Robinson, 143 S. W. 294, a similar question arose. There a plea of privilege had been sustained and the case ordered transferred from McLennan county to Tarrant county, where judgment was rendered by default, or in the absence of the defendant, in favor of the plaintiff. A temporary injunction was later granted in favor of Robinson, restraining the collection of said judgment, and from the order granting this injunction, the judgment creditor appealed. The petition for the injunction alleged facts sufficient to show a good defense to the suit in which the judgment complained of was rendered, and, further, as an excuse for defending the original suit, that the complainant had been informed by his attorney that in his (the attorney's) opinion, the action of the court in sustaining the plea of privilege practically settled the case; that he relied upon the opinion given by his attorney and was thereby led to believe that the suit against him would be abandoned. For this reason he took no further steps to defend the suit, and did not learn of the judgment against him until execution had been issued upon it. In commenting upon these reasons given for not defending the suit the court said:

"Accepting all these allegations as true, they failed to show a valid excuse for the failure of J. D. Robinson to follow the case to the court in which it was tried and there present his defenses to the claim asserted against him."

We approve this holding of the court, and think the remarks quoted clearly applicable to the present case. Aside from the foregoing, no act of the appellant that could be construed as having tended to mislead and prevent appellee from asserting his defenses to the claim upon which the judgment sought to be enjoined was based is alleged, and said alleged excuse, instead of furnishing a good reason for appellee's inaction and failure to plead, shows that such failure and default was not without negligence on his part. Appellee then having failed to allege in his petition for the injunction perpetuated in this case facts sufficient to show a valid defense to the suit in which the judgment complained of was rendered, or, if such defense was alleged, having clearly failed to show that he was prevented by fraud, accident, or act of the appellant, wholly unmixed with any fault or negligence on his part, from presenting such defense to the claim asserted by appel-

lant in the suit in which the said judgment was rendered, his petition was defective and insufficient to warrant the judgment from which this appeal is prosecuted.

[5] The allegations charging that appellant had no permit to do business in Texas, and that the affidavit to the account which formed the basis of the judgment sought to be enjoined was false and fraudulent in stating that appellant was doing only an interstate business in the state of Texas, etc., are insufficient to justify the holding in this proceeding that said judgment is void. In the first place there is no direct allegation that appellant is a foreign corporation. Indeed neither the original nor amended petition for the injunction granted alleges in what state the appellant was organized and created. The original petition, as heretofore shown, simply avers that appellant was "a corporation, having its principal office and place of business in the city of St. Louis, Mo.," and the amended petition, which eliminated from the case the original petition, charges simply that appellant is "a corporation, having an office in the city of Dallas, Dallas county, Tex." It seems, however, that appellant has been treated throughout in this proceeding by the parties at interest as a foreign corporation, but as appellant challenges the sufficiency of appellee's petition to show that the judgment enjoined is void, and such contention is met with the reply that it is sufficient, and when the restraining judgment can only be upheld upon the ground that the judgment enjoined was void, it should be held that all the essential allegations showing its nullity should be clearly and positively averred.

[6] But, however this may be, the lower court was not authorized, in our opinion, to hold in this proceeding that because appellant was a foreign corporation and had no permit to do business in this state, the judgment sought to be enjoined was void. The petition for the injunction granted and perpetuated in this case does not show that the allegations of the appellant's petition upon which the judgment enjoined was rendered disclosed that it was engaged in business in this state, or that the transaction out of which the cause of action arose took place in this state, and unless it appeared from its petition that it was so engaged, it was not essential to its right of recovery to show that it had a permit to do business in this state. Brin v. Wachusetts Shirt Co., 43 S. W. 295; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1047; Brown v. Guaranty Savings Loan & Investment Co., 46 Tex. Civ. App. 295, 102 S. W. 138; New State Land Co. v. Wilson, 150 S. W. 253. So, too, if the petition of a foreign corporation, suing in the state, shows that the transaction out of which its cause of action arose involved interstate commerce, it is not necessary for such corporation to allege and prove that it has complied with the article requiring

foreign corporations to obtain a permit to do business in this state. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718. Other than as above stated, such corporation must allege and prove that it had obtained a permit to do business here. Taber v. Interstate B. & L. Ass'n, 91 Tex. 92, 40 S. W. 954. The inference to be drawn from the allegations of the appellee's petition for the injunction granted herein, if it does not clearly so appear, is that appellant's petition, upon which the judgment enjoined was rendered, showed that the transaction out of which its cause of action arose was an interstate transaction. But whether such is or is not the fair inference from said petition, it is a fact that said petition does not, as before stated, disclose that appellant's petition upon which judgment enjoined was rendered showed that appellant was engaged in business in this state, or that the transaction out of which its cause of action arose occurred in this state. This being true, the question as to whether appellant had obtained a permit to do business in Texas, so as to entitle it to sue, could only be raised by plea in behalf of the appellee, filed in the suit in which the judgment enjoined was rendered, and, as no such plea having been filed, the question of appellant's right to maintain its suit was not involved, and the absence of such right could not be set up in this proceeding and form the basis of a judgment declaring, for that reason, the judgment for the debt sued on, void. Huff v. Kinloch Paint Co., 110 S. W. 467; Geiser Mfg. Co. v. Gray, 126 S. W. 610; Panhandle Tel. & Tel. Co. v. Kellogg Switchboard & S. Co., 132 S. W. 963. It follows from what we have said that the judgment appealed from is not supported by the pleadings and cannot be allowed to stand. It will therefore be reversed and the cause remanded.

Reversed and remanded.