**OKLAHOMA TOOL & SUPPLY CO. v. DANIELS et al. (No. 724-4648.)**

(Commission of Appeals of Texas, Section B. Feb. 2, 1927.)

**1. Statutes ⬦241(1)—Penalty clause in statute will not receive construction beyond necessities of case.**

Penalty clause in statute, though couched in general and broad language, must not receive construction beyond necessities of case.

**2. Corporations ⬦661(1)—Statute relating to suits by foreign corporations prohibits right of only those transacting business in state to sue without permit (Rev. St. 1925, arts. 1529, 1535, 1536).**

Under Rev. St. 1925, arts. 1529, 1535, 1536, relating to foreign corporations, only such foreign corporations as are transacting business in state are prohibited from suing without having permit to transact business.

**3. Corporations ⬦661(1)—Statute relating to right of foreign corporations to sue does not apply to case shown by pleadings to be one of interstate commerce (Rev. St. 1925, arts. 1529, 1535, 1536).**

Rev. St. 1925, arts. 1529, 1535, 1536, prohibiting foreign corporation from maintaining suit without having filed articles of incorporation, and obtained permit to transact business in state, has no application to case shown by pleadings to be one of interstate commerce.

**4. Corporations ⬦672(7)—Unless necessity of permit to transact business appears affirmatively in foreign corporation's petition, failure to take out permit must be pleaded by defendant (Rev. St. 1925, arts. 1529, 1535, 1536).**

Unless foreign corporation's petition shows that it should have taken out permit to transact business in state, in order to be able to maintain suit, failure to take out permit is defense to be pleaded by defendant, in view of Rev. St. 1925, arts. 1529, 1535, 1536.

**5. Corporations ⬦672(7)—Where necessity of foreign corporation's having permit does not appear in complaint, defendant waives failure to have permit, if not pleaded (Rev. St. 1925, arts, 1529, 1536).**

Where foreign corporation sues and necessity of its having filed articles of incorporation and of having permit to transact business, under Rev. St. 1925, art. 1529, in order to sue under article 1536, does not appear in complaint, failure to have permit is waived, if not pleaded by defendant.

**6. Corporations ⬦672(7)—Where foreign corporation's petition does not allege facts showing necessity for its having permit to transact business, allegation that it has permit need not be proved (Rev. St. 1925, arts. 1529, 1535, 1536).**

Where foreign corporation sues, and its petition does not allege any facts showing necessity of corporation's having permit to do business in state, under Rev. St. 1925, arts. 1529, 1535, 1536, in order to maintain suit, allegation of compliance with statute is surplusage, and need not be proved.

**7. Appeal and error ⬦1114—Court of Civil Appeals having erroneously held that foreign corporation could not sue without permit, judgment should be reversed and cause remanded to that court.**

Court of Civil Appeals, having erroneously dismissed case only upon ground that foreign corporation, without permit to transact business in state, could not sue, judgment should be reversed and cause remanded to that court for further proceedings.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Suit by the Oklahoma Tool & Supply Company against C. U. Daniels and another. Judgment for defendants was reversed, and suit dismissed by the Court of Civil Appeals in 283 S. W. 217, and plaintiff brings error. Judgment of Court of Civil Appeals reversed, and cause remanded to that court.

Chas. B. Stewart and Billingsley & Billingsley, all of Fort Worth, for plaintiff in error.

Raymond Myers, of Wichita Falls, for defendants in error.

SPEER, J. This writ of error involves an interpretation of article 1536 of the Revised Civil Statutes of 1925. The action was by plaintiff in error against defendants in error upon a promissory note executed by the de-

fendants, in which the plaintiff pleaded that it was a corporation organized and doing business under the laws of the state of Oklahoma, and that it had been granted a permit authorizing it to transact business in the state of Texas.

The trial court heard the evidence, and entered judgment for the defendants. The Court of Civil Appeals reversed the judgment entered upon the merits, and rendered judgment dismissing the appellant's suit for the want of any evidence showing its right to do business in Texas. 283 S. W. 217. The Court of Civil Appeals erred in rendering the judgment of dismissal. That court says:

"The rule is that a foreign corporation cannot maintain a suit in this state without both pleading and proving compliance with the requirements of R. S. 1925, arts. 1529, 1535, and 1536."

This is not an accurate statement of the rule. It is too broad. It does not apply to the present case.

Article 1529 prescribes:

"Any corporation for pecuniary profit, except as hereinafter provided, organized or created under the laws of any other state, or of any territory of the United States, or of any municipality of such state or territory, or of any foreign government, sovereignty or municipality, desiring to transact or solicit business in Texas, or to establish a general or special office in this state, shall file with the secretary of state a duly certified copy of its articles of incorporation; and thereupon such official shall issue to such corporation a permit to transact business in this state for a period of ten years from the date of so filing such articles of incorporation. * * *"

It is thus seen that no foreign corporation is required to take out a permit from our secretary of state, except one who desires "to transact or solicit business" in this state, or to establish an office here.

Article 1536 prescribes the penalty for a failure to comply with the foregoing article, and is as follows:

"No such corporation can maintain any suit or action, either legal or equitable, in any court of this state upon any demand, whether arising out of contract or tort, unless at the time such contract was made, or tort committed, the corporation had filed its articles of incorporation under the provisions of this chapter."

[1, 2] While this penalty clause is couched in general and broad language, yet, being a penalty, it will not receive a construction beyond the necessities of the case. It will be read, of course, in connection with the article first quoted. It is the penalty for a violation of that article. It will not do to give to this last-quoted article a meaning as broad as that given by the Court of Civil Appeals. The prohibition of the right to sue is not against all foreign corporations, but only as to those foreign corporations transacting business in this state.

[3] The statute has no application, for instance, to a case shown by the pleadings to be one of interstate commerce. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718; Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714; Geiser Manufacturing Co. v. Gray, 59 Tex. Civ. App. 617, 126 S. W. 610; Keating, etc., Co. v. Favorite, etc., Co., 12 Tex. Civ. App. 666, 35 S. W. 417; Houston, etc., Co. v. Pickering Lumber Co. (Tex. Civ. App.) 212 S. W. 802.

But here neither the petition nor the evidence shows whether the transaction out of which the note in controversy arose was or was not an interstate transaction, and therefore, of course, failed to show whether or not the case comes within our statute. It is clear, we think, however, that the rule should be the same as though the petition and evidence did show the nature of the transaction.

[4-6] Unless the vice in the plaintiff's case appears affirmatively in his petition, the failure to take out a permit is a defense to be pleaded by the defendant, and one, too, which, if not pleaded, is waived. Texas Packing Co. v. St. Louis, etc., Ry. Co. (Tex. Com. App.) 227 S. W. 1095. It would follow, therefore, that, unless the statute is invoked, either by allegations of the petition or by the terms of the answer, there is no issue raised as to which the evidence, whatever it may be, may apply. In 14a Corpus Juris, at page 1360, note 84 numerous Texas cases are collated in support of the text statement that—

"Where the bill, declaration, or complaint does not show such facts, (transaction within the statute) compliance with the requirements of the statutes need not be alleged by complainant, but noncompliance is a matter of defense to be pleaded in bar or abatement."

This is sound logic, especially in view of our holding in this state that the defense of the statute is one that may be waived. The petition in the present case does allege a compliance with the statute, but it does not allege any fact which would make such compliance necessary. Under such circumstances, there being no plea of the statute by the defendants, there was no such issue in the case. The allegation of a compliance is surplusage.

In Barcus v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 197 S. W. 478, the same learned justice who prepared the opinion in this case wrote:

"Since plaintiff's pleadings do not show that the business was transacted in Texas, the allegation that plaintiff being a foreign corporation had obtained a permit is surplusage, and need not be proven. Appellant did not raise the issue by plea in the court below, and the fact appearing only from the evidence introduced during the trial, it cannot be urged in this court for the first time."

We think he wrote well in that case. In this case there was a failure in the evidence even to show that the transaction came within our statute. But this distinction between the cases is unimportant, and, if it has any effect, merely makes stronger the reason for holding in the present case that the defense is not raised.

[7] The Court of Civil Appeals having decided the case upon this one question only, and there being other questions presented by the appellant, the judgment of the Court of Civil Appeals should be reversed, and the cause remanded to that court for further proceedings, not inconsistent with this opinion.

CURETON, C. J. Judgment of the Court of Civil Appeals reversed, and cause remanded to the Court of Civil Appeals for further consideration, as recommended by the Commission of Appeals.