## NEWMAN et al. v. NATIONAL LOAN & INVESTMENT CO.
### No. 8670.

Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1931.

Rehearing Denied Dec. 23, 1931.

Davenport, West & Ransome, of Brownsville, and Gaines, Gaines & Roberts, of San Antonio, for appellant.

Carter & Stiernberg and E. L. Davis, all of Harlingen, for appellee.

FLY, C. J.

Appellee sued M. A. Newman, H. F. Price, Sr., and the Finwood Corporation to recover on a note executed by Newman for about $1,500. The note was executed by Price to Finwood Corporation for certain land; a vendor's lien being retained. Price sold the land to Newman, who assumed payment of the purchase-money note. The cause was tried without a jury, judgment by default being rendered against Price, and also judgment was rendered on a trial against Newman and the Finwood Corporation for $483.30. Primary obligation for the payment was placed on Price and Newman, and then on the Finwood Corporation. The appeal has been prosecuted by M. A. Newman.

The evidence showed that Newman and Price entered into a written contract by which the former exchanged land in Bee county for land in Cameron county; each assuming debts against the respective lands. Newman promised to pay the note involved in this case, but failed to do so, and set up the fraud of Price to avoid the contract. If such defense had been available in any state of case, appellant had fully ratified the contract and waived all right to set up fraud by suing Price and obtaining judgment compelling him to pay the amounts promised to be paid by him in Bexar county. He could not ratify one part of the contract and at the same time repudiate his part of it.

The evidence showed that the deed from Price to Newman was executed and placed on record by some one, and that Newman paid the recording fee. The deed was placed in his possession by the county clerk. Newman executed his deed to Price to the land in Bee county, and the transaction was fully ratified by a suit by Newman to compel the performance of the contract by Price. He obtained judgment against Price in Bexar county. There was no rescission of the contract by Newman but a full ratification of it. The first six propositions are without merit, and are overruled.

It is the claim of appellant that there is an error, fundamental in its nature, in that appellee, being a foreign corporation, could not conduct business in Texas without showing that it had a permit. A fundamental error is one that goes to the foundation of the action and is apparent on the record. No such error appears from this record, but a strict study and scrutiny of the facts would be required to ascertain whether a permit was shown by appellee. There was an allegation that appellee had a permit, and, in the absence of something apparent of record showing that no such proof was made, it will be assumed that it was obtained.

There was nothing in the petition to show that appellee had violated the statute in regard to a permit, but it affirmatively appeared from the pleadings that the law had been complied with, and that allegation was not traversed or denied by appellant. He did not attempt in any way to raise the question, and, having failed to present the question in the lower court in any way, the matter was waived. 11 Tex. Jur. § 503, p. 180; Oklahoma Tool & Supply Co. v. Daniels (Tex. Com. App.) 290 S. W. 727, 728. The case cited held:

"Unless the vice in the plaintiff's case appears affirmatively in his petition, the failure to take out a permit is a defense to be pleaded by the defendant, and one, too, which, if not pleaded, is waived. Texas Packing Co. v. St. Louis, etc., Ry. Co. (Tex. Com. App.) 227 S. W. 1095. It would follow, therefore, that, unless the statute is invoked, either by allegations of the petition or by the terms of the answer, there is no issue raised as to which the evidence, whatever it may be, may apply. In 14a Corpus Juris, at page 1360, note 84, numerous Texas cases are collated in support of the text statement that—

"'Where the bill, declaration, or complaint does not show such facts, (transaction within the statute) compliance with the requirements of the statutes need not be alleged by complainant, but noncompliance is a matter of defense to be pleaded in bar or abatement.'

"This is sound logic, especially in view of our holding in this state that the defense

of the statute is one that may be waived. The petition in the present case does allege a compliance with the statute, but it does not allege any fact which would make such compliance necessary. Under such circumstances, there being no plea of the statute by the defendants, there was no such issue in the case. The allegation of a compliance is surplusage.

"In Barcus v. J. I. Case Threshing Machine Co. (Tex. Civ. App.) 197 S. W. 478, the same learned justice who prepared the opinion in this case wrote:

" 'Since plaintiff's pleadings do not show that the business was transacted in Texas, the allegation that plaintiff being a foreign corporation had obtained a permit is surplusage, and need not be proven. Appellant did not raise the issue by plea in the court below, and the fact appearing only from the evidence introduced during the trial, it cannot be urged in this court for the first time.'

"We think he wrote well in that case. In this case there was a failure in the evidence even to show that the transaction came within our statute. But this distinction between the cases is unimportant, and, if it has any effect, merely makes stronger the reason for holding in the present case that the defense is not raised."

We indorse the text quoted.

The judgment is affirmed.