### GHOLSON et al. v. WICKWIRE SPENCER SALES CORPORATION.

### No. 1188.

Court of Civil Appeals of Texas. Eastland.

Dec. 15, 1933.

L. R. Pearson, of Ranger, for appellants.

Cox & Hayden, of Abilene, for appellee.

FUNDERBURK, Justice.

Wickwire Spencer Sales Corporation, alleging itself to be "a private corporation, duly incorporated under the laws of the State of Oklahoma, with a permit to do business in the State of Texas, and doing an interstate business," brought this suit to recover of Jno. D. Gholson and R. A. Disney upon a promissory note for the principal sum of $3,088.17. The defendants pleaded a general demurrer and general denial. Upon the evidence of the note only, the court gave judgment for the plaintiff.

The defendants, having appealed, present for our determination the question of whether or not it was necessary for plaintiff, in order to support the judgment, to prove its allegation that it had "a permit to do business in the State of Texas." If it was necessary to make such proof, then the allegation was necessary. If the allegation was unnecessary, it may be treated as surplusage. Oklahoma Tool & Supply Co. v. Daniels (Tex. Com. App.) 290 S. W. 727, 728; Barcus v. J. I. Case Threshing Mach. Co. (Tex. Civ. App.) 197 S. W. 478. From this it would seem to follow that the question at issue may be determined by first deciding whether said allegation was necessary. Plaintiff's petition also alleged that plaintiff was "doing an interstate business." If plaintiff was only doing an interstate business, no permit was necessary. Miller v. Goodman, 91 Tex. 41, 40 S. W. 718; Allen v. Tyson-Jones Buggy Co., 91 Tex. 22, 40 S. W. 393, 714; Oklahoma Tool & Supply Co. v. Daniels, supra. Of course, if no permit was required, it was not necessary to allege or prove a permit. It was not alleged in plaintiff's petition that it was doing any business in the state of Texas, nor that it had a general or special office in the state. No fact was alleged from which it would be implied that plaintiff was doing business in the state, unless it was the allegation that it had a permit to do so. A foreign corporation may have a permit to do business in a state and yet never transact any business therein. The act of procuring a permit would, at most, show an intention at the time to do so in the future. We think we are bound to know that such an intention could be abandoned before any busi-

ness in the state was ever transacted. Hence it seems to us the fact of the actual transaction of business cannot be implied merely from a once manifested intention to do so.

We think it may be said to be a proposition fully supported by the decisions in this state that, if a foreign corporation, denominating itself as such, brings a suit in this state, and in the statement of its cause of action alleges no fact, to show, either expressly or impliedly, that such cause of action arose out of the transaction of business in the state (other than interstate business), it is not necessary to allege a permit to do business in the state. Oklahoma Tool & Supply Co. v. Daniels, supra; Elliott Electric Co. v. Clevenger (Tex. Civ. App.) 300 S. W. 91; Barcus v. J. I. Case Threshing Mach. Co., supra; Mansur & Tebbetts Implement Co. v. Beer, 19 Tex. Civ. App. 311, 45 S. W. 972; Blackwell-Wielandy Book & Stationery Co. v. Perry. (Tex. Civ. App.) 174 S. W. 935; Studebaker Harness Co. v. Gerlach Mercantile Co. (Tex. Civ. App.) 192 S. W. 545; Huff v. Kinloch Paint Co. (Tex. Civ. App.) 110 S. W. 467; Brin v. Wachusetts Shirt Co. (Tex. Civ. App.) 43 S. W. 295; King v. Monitor Drill Co., 42 Tex. Civ. App. 288, 92 S. W. 1046; Geiser Mfg. Co. v. Gray, 59 Tex. Civ. App. 617, 126 S. W. 610; New State Land Co. v. Wilson (Tex. Civ. App.) 150 S. W. 253; Panhandle Telephone & Telegraph Co. v. Kellogg, etc., Co., 62 Tex. Civ. App. 402, 132 S. W. 963; Smith v. Jasper County Lumber Co. (Tex. Civ. App.) 46 S.W.(2d) 430. In such a case, under the authorities already cited, an allegation of a permit should be treated as surplusage.

Oklahoma Tool & Supply Co. v. Daniels, supra, was a case exactly like this one. It was therein held that, since R. S. 1925, arts. 1529 and 1536, do not apply to all foreign corporations, but only to such as are transacting business in this state, and not even to the latter if the business constitutes interstate commerce, a pleading which does not affirmatively show the necessity for a permit is good against demurrer, and an issue of the foreign corporation's capacity to sue would have to be raised by special plea of the defendants. The opinion quotes from C. J. as follows: "Where the bill, declaration, or complaint does not show such facts (transaction within the statute), compliance with the requirements of the statutes need not be alleged by complainant, but non-compliance is a matter of defense to be pleaded in bar or abatement." 14A C. J. p. 1360, note 84.

Applying the rule stated to the facts of this case, we conclude that it was unnecessary for plaintiff to prove that it had a permit.

In our opinion, the court did not err in any of the respects assigned, and the judgment should be affirmed, which is accordingly so ordered.