# NEWPORT COUNTY.

GEORGE ATKINSON, Executor, *vs.* ANNIE STAIGG *et als.*

By a will executed in Rhode Island, a testator devised realty in this State as follows:

"I give, devise, and bequeath unto my executors hereinafter mentioned, the survivors and survivor of them, all my estate, both real and personal, and all the rents, issues, and profits thereof, to have and to hold the same upon the trusts, and subject to the directions following, to wit:

"To pay to my wife A. the sum of ten thousand dollars for and during her natural life, and the house at Newport in Pelham Street."

*Held*, that A. took a fee simple in the land on Pelham Street.

This land was subject to a mortgage executed by the testator in which A. joined releasing dower.

*Held*, that A. should have the mortgage paid off from the testator's estate not specifically devised if sufficient, any deficiency to remain a lien on the land.

The testator had other realty in Rhode Island not specifically devised. After making his will he removed his domicil to Massachusetts, where he died.

*Held*, that the will as affecting Rhode Island realty was to be construed according to the laws of Rhode Island.

*Held*, further, that A. was entitled to dower in such other realty, and was not obliged to contribute her dower to pay the mortgage on the land on Pelham Street.

BILL IN EQUITY to construe a will.

This bill in equity was brought by the executor of Richard M. Staigg against his widow and heirs at law, to obtain a judicial construction of his will, which is as follows:

" I, Richard M. Staigg, of Newport, in the State of Rhode Island, do make, publish, and declare my last will and testament in manner and form following, to wit:

" I give, devise, and bequeath unto my executors hereinafter mentioned, the survivors and survivor of them, all my estate both real and personal, and all the rents, issues, and profits thereof, to have and to hold the same upon the trusts, and subject to the directions following, to wit:

" I. To pay all my funeral charges and all my just debts.

" II. To pay to my wife, Annie Staigg, the sum of ten thousand dollars for and during her natural life, and the house at Newport in Pelham Street.

" III. To divide the rest, residue, and remainder of my estate,

or the proceeds thereof, and after the death of my wife, the sum of          above mentioned among the children of my brothers and Archibald D. B. Staigg, George J. Staigg, and my sisters, Elizabeth S. Atkinson, Annie Jeannette Jackson, and Mary S. Philbrick, giving to my nephews a portion one half as large as that of my nieces. The income of the portions of my sisters, E. S. Atkinson and Mary S. Philbrick, to be paid to those sisters during their lives, and the portion of each child to be held in trust until he or she come of age.

" IV. I authorize and empower my executors, or the survivors or survivor of them, whenever they or the survivors or survivor of them may deem it for the best interests of my estate, to sell all or any part or portion thereof at public auction or private sale in their discretion, and to make valid conveyances thereof, and to invest the proceeds arising from such sales in bonds and mortgages or state stocks, to be held by my executors, the survivors or survivor of them, on the same trusts as above expressed.

" V. I hereby declare that the legacies herein bequeathed to my sisters and nieces shall be to their sole and separate use, and be free from the control, debts, or engagements of their present or any future husband, and shall be paid to them on their separate receipt.

" VI. My portrait in oil of my mother I give to my sister E. S. A. After her to my sister M. S. P. After her to my nephew R. S. A. and his heirs.

" All my other pictures and my furniture I give to my wife for her disposal as she may see fit, expecting her to sell such as she may choose for the benefit of the estate.

" To my brother Alfred, he having had so much of my substance, I leave one hundred dollars.

" Lastly, I nominate, constitute, and appoint George Atkinson, of Boston, State of Massachusetts, Richard Greenough, Thomas C. Amory, to be the executors of this my last will and testament, hereby revoking all other wills by me at any time made.

" RICHARD M. STAIGG.

" On this 8th day of June, A. D. 1877, Richard M. Staigg signed the foregoing instrument in our presence, declaring it to be

his last will, and as witnesses thereof we have in his presence and in the presence of each other hereto subscribed our names.

" T. A. LEFAVOUR,
" H. B. LINCOLN,
" THOMAS S. PARKER."

After making this will the testator removed his domicil to the State of Massachusetts, where his will was proved in the county of Suffolk, and a copy of the will as proved was filed in the Probate Court of Newport in this State.

The personalty of the estate was insufficient to pay the mortgages on his realty, and to establish the fund mentioned in the second clause of the will. The realty on Pelham Street, in Newport, was subject to a mortgage made by the testator in which his wife released dower. The testator had other realty in Newport at Ochre Point, which was not mortgaged and not specifically devised.

The Public Statutes of Massachusetts, cap. 127, § 20, provide : " A widow shall not be entitled to her dower in addition to the provisions of her deceased husband's will, unless such plainly appears by the will to have been the intention of the testator.

Of the executors nominated by the will Atkinson alone qualified.

*Providence, July* 22, 1882. CARPENTER, J. The first question in this case is whether the widow takes in fee simple or for her life the estate in Pelham Street. The clause of the will under which the question arises is as follows : " To pay to my wife, Annie Staigg, the sum of ten thousand dollars for and during her natural life, and the house at Newport in Pelham Street." Undoubtedly an argument might be made to the effect that the two devises being contained in the same sentence are both affected by the limitation, although it is placed between the descriptions of the two pieces of property and not before or after both. We are, however, of opinion that under our statute the intention to give less than the whole estate of which the testator was seized must distinctly and with reasonable certainty appear from the terms of the will. Pub. Stat. R. I. cap. 182, § 5 ; *Waterman* v. *Greene,* 12 R. I. 483. We therefore decide that the widow takes a fee simple in the land in Pelham Street.

The second question is whether the widow is entitled to take

the land exonerated from the mortgage. We decide that she is entitled to have the mortgage paid out of the estate of her husband not specifically devised, if that be sufficient, and that any deficiency must remain a charge on the devised land. *Gould* v. *Winthrop*, 5 R. I. 319.

The third question is whether the widow is entitled to dower out of certain land at Ochre Point, in Newport, which passes under the will as residuary estate. The will makes no declaration that the provision for the widow shall be taken in lieu of dower. There can be no doubt, if the will be construed as at common law or under our statutes, that the widow will be entitled to her dower in addition to the devise. But certain of the respondents claim that inasmuch as the will was made in this State, and the testator not altering his will, afterwards became domiciled in Massachusetts, and there died, the will must be construed according to the statutes of that commonwealth. So construed, the widow would not take dower, since the statute of Massachusetts provides that she " shall not be entitled to her dower in addition to the provisions of her deceased husband's will, unless such plainly appears by the will to have been the intention of the testator." The courts, indeed, have held that in the interpretation of the words of the will recourse may be had to the law of the place where the testator was domiciled at the time of making the will, and have in some cases gone to considerable lengths in the application of the rule. *Brown's Trustees* v. *Brown*, 4 W. & Shaw, App. 28 ; *Anstruther* v. *Chalmer*, 2 Sim. 1 ; *Harrison et al.* v. *Nixon*, 9 Peters, 483. But we find no precedent for using, for the purposes of interpretation, the law of the place where the testator died; nor would the reason of the rule carry it to this extent. Since the purpose of interpretation is to ascertain what meaning was intended to be conveyed by the testator by the words which he saw fit to use, we certainly can look only to the meaning of these words according to the use in the place where he was domiciled when he made the will. We see no reason to infer an intention to change the meaning of those words from the fact that he afterwards changes his domicil without making any change in his will. The question of intention in wills relates solely to the meaning of the words employed as such meaning was intended at the time

they were so employed.    We cannot undertake to carry into effect intentions not expressed in the words of the will or fairly to be ascertained by the interpretation of those words.

We do not therefore find it necessary to consider how far we should be willing to follow the former decisions, if, indeed, they were intended to go to that extent, in importing by construction into a will of realty the law of any place other than that in which the land is situate.

We decide that the widow is entitled to dower in the land at Ochre Point.

The fourth question is whether the widow shall contribute her dower in the land at Ochre Point to pay off the mortgage on the land in Pelham Street.    We decide that she is not bound so to contribute.    *Mathewson* v. *Smith*, 1 R. I. 22.

*Decree accordingly.*

*Samuel R. Honey*, for complainant.

*John C. Gray*, for respondent, Annie Staigg.

*William Caleb Loring*, for respondents, Elizabeth S. Atkinson and Mary S. Philbrick.

*George O. G. Coale*, for the other respondents.