EMMA RYAN *vs.* MARIE F. MONAST.

JANUARY 15, 1942.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

FLYNN, C. J. This action in assumpsit was brought by

the holder of a promissory note, secured by a mortgage on real estate, to recover from defendant the amount of deficiency remaining unpaid on that note after a mortgage foreclosure sale of said realty. By agreement of the parties in open court the case was presented before a justice of the superior court, sitting without a jury, on the undisputed facts as alleged in the declaration; and thereupon a decision was rendered for the plaintiff in the sum of $2705.55 with interest. The case is before us on the defendant's exception to that decision.

The facts as alleged in the declaration are substantially as follows: On September 18, 1920 John J. Cleary, as owner of certain realty located at 46 Carpenter street, Pawtucket, in this state, executed and delivered his promissory note to the plaintiff in the sum of $4500, payable one year after date, with interest at the rate of 6% per annum, semiannually in advance. This note was secured by a first mortgage on said realty. Thereafter, by warranty deed, dated September 18, 1920, said realty was conveyed subject to the above mortgage to the Monast Realty Company, a Rhode Island corporation. The latter, by its quitclaim deed, dated April 4, 1933, conveyed said realty to Louis Monast, husband of the defendant, who continued to be the owner of said premises until his death on April 16, 1936.

Louis Monast left a will but it was nowhere set out in full or introduced. The declaration merely states that by the sixth clause thereof he devised said real estate to defendant in the following language: "I also give to my said wife, Marie F. Monast, the property situated at number 46 Carpenter Street, in said Pawtucket, she to assume any outstanding mortgage there may be on said property at the time of my decease".

During testator's life and ownership of this realty, he paid the taxes assessed against it and also paid the mortgage interest. Said mortgage and note were in full force and effect at the time of his death. Defendant did not file in the probate court her non-acceptance of the above devise; but, on the

contrary, she entered into the exclusive possession of the realty, collected rents and income therefrom and enjoyed the full benefits thereof. She also paid the municipal taxes assessed against said property for the years 1936 and 1937. Further, she made four semiannual payments of interest called for by the mortgage and note for the periods between September 18, 1936 and March 18, 1938.

On October 17, 1939, acting under the power of sale contained in the mortgage, the conditions of which had been broken, the plaintiff duly caused to be held a foreclosure sale at which the realty was sold. The difference between the proceeds from this sale and the amount due under the mortgage and note, including unpaid taxes, water charges, interest, and lawful expenses of the foreclosure sale, was $2705.55. On these undisputed facts the trial justice rendered a decision for the plaintiff.

The defendant contends that the testator did not, by his acceptance of a quitclaim deed of said realty subject to the mortgage, or by his payments of interest thereon, become personally liable to the plaintiff for the mortgage debt; and that, since the testator was not so liable for such debt, the defendant did not become personally liable therefor by her acceptance of the devise of the mortgaged realty under the sixth clause of the testator's will as above quoted. In support of these basic contentions the defendant has argued by analogy various questions of law from cases relating to subrogation, contracts for the benefit of third persons, principal and surety, and donee beneficiary. Much of this argument, however, does not seem to us to be applicable to and decisive on the facts as alleged in the declaration, they being the only evidence before the court in the instant case.

In our opinion this case is governed by the law of gifts and of assumpsit, when properly applied to the intention of the testator as shown by his will and to the conduct of the parties with reference to the realty and mortgage as shown by the evidence. It is generally well settled law that a donee may not accept the full benefits of a testa-

mentary gift to which a burden is attached and at the same time refuse to accept and perform a substantial part of that burden. As sometimes stated, a donee must accept the gift *cum onere*.

In the instant case it is clear from the language of the sixth clause of the will that the testator intended to attach some burden to his gift of the realty to the defendant. Of course, she was free either to accept or to refuse this gift. But if she elected to accept it according to its terms as stated in the will, she would be bound to undertake whatever burden was expressly attached thereto. It is uncontradicted that the defendant did accept this gift in accordance with its terms. In these circumstances, therefore, the law of gifts requires that she also accept whatever burden was intended by the testator's language, namely, "she to assume any outstanding mortgage there may be on said property at the time of my decease".

The defendant argues, in effect, that the testator never had assumed any personal liability to the plaintiff for the mortgage debt and that this language in his will should not be construed as attaching to this gift to his wife a burden of liability greater than he himself had undertaken. The answer to this contention requires a determination of the testator's intent as disclosed by the only language of his will that is before us.

Such intent is to be given effect, if lawful; and ordinarily that intent is to be ascertained from a reading of the whole will and solely from the language therein, if it is unambiguous. For some reason the parties here agreed to present a question involving the testator's intent by merely stating one of the clauses of his will. Obviously, that is not a satisfactory method of presenting such a question for decision. However, because of the circumstances and the peculiar method adopted by the parties, we are constrained, for the purposes of this case, to treat this sixth clause as being the entire will; and to ascertain the testator's intent, if possible, solely from the language he used therein. In our

opinion this is possible because the language of this clause, without more, is plain, unambiguous, and comprehensive.

The verb to assume, considered either in its ordinary or in its technical sense, means to undertake. To assume a mortgage as part of a gift is not the same as to take the gift merely subject to the mortgage. The words "to assume any outstanding mortgage there may be on said property at the time of my decease" are comprehensive and do not appear to us to permit of any exception. So far as is shown by any evidence before us, the mortgage in question was the only one outstanding on this realty at the time of testator's death. There is no other portion of the will before us to cast doubt upon the language of the devise as used by the testator.

In the absence of anything in the evidence before the court, which would justify a refusal to give to this language its plain meaning and effect, we are constrained to hold that this testamentary gift, if accepted, carried with it the obligation on the part of the donee to undertake personally the payment of the mortgage debt. The defendant does not appear to contend that the testator was without power to devise this realty so that the donee, by her acceptance, would be liable personally to pay the mortgage debt even though the testator was not so liable. But she contends, in effect, that such an intention was improbable or absurd and should not be inferred unless it clearly appears in the will. The sufficient answer thereto is to be found, as we have said, in the unambiguous statement of the testator's intention in the sixth clause, which leaves no room for inference, and to which language we are restricted upon the record before us.

The unmistakable terms of the gift, coupled with the undisputed evidence of defendant's conduct toward the mortgaged realty and the mortgage debt were sufficient, in our opinion, to justify the trial justice in finding an implied promise on her part personally to pay the principal of the note in suit. It is undisputed that the defendant did not

refuse this gift or make any written or oral reservation to anybody concerning her acceptance of it. Nor did she, before she made her election to accept the gift according to its plain terms, bring any bill for the construction of the will, as she might have done if she believed that the language of the devise was at all doubtful as to the extent of the personal liability attached thereto. On the contrary, she accepted the gift according to its terms, entered into the exclusive possession of the mortgaged realty, and took full advantage of all the income and benefits therefrom.

Such unqualified acceptance and entry were followed by her payments of taxes and interest called for by the mortgage and note. The plaintiff, in these circumstances, accepted the payments of the interest and did not demand the whole principal due on the note as she was entitled to do. On the evidence as agreed, we are of the opinion that an implied promise on the part of the defendant to pay to the plaintiff the principal of the mortgage debt could reasonably be found. Since no other fact was introduced to contradict or otherwise explain such evidence, it stood as sufficient to support the decision for the plaintiff, as rendered by the trial justice.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

Moss, J., dissenting. I am unable to agree with my associates in their disposition of this case for the following reason: I am not convinced that the testator, in the language quoted from his will, intended to impose upon his wife, as a condition of an acceptance by her of the devise to her of the real estate described, that she must assume, *for the benefit of the owner* of any mortgage which might be on that real estate at the time of the testator's death, the payment of the note secured by such mortgage; and that this condition should apply to the mortgage involved in this case, if then outstanding, although the testator himself was then not bound to pay the note secured thereby. On the con-

trary, I am convinced that the pertinent language quoted from the will should not, in the light of the admitted facts, be construed as showing any such intent on his part.

In passing upon this issue, it should be kept in mind that at the time of the execution of the will this mortgage was in existence; that the testator was then not bound to pay the note secured thereby, although he owned the mortgaged property; and that he could not then know who, at the time of his, the testator's, death, would be the owner of that mortgage.

Before beginning the discussion of the questions directly involved in this case, it seems to me that attention may well be called to a general rule of construction of wills which has been stated in 2 Schouler, Wills (6th ed.) 1013, § 884, where the author says that "our latest decisions, in America at least, indicate a growing disposition to liberally favor in construction the surviving wife, even as against the common offspring of the marriage and provisions in a will for the benefit of the wife of the testator will be liberally construed but this rule will not control where the intent is clear."

In the instant case it is clear from the pertinent language of the will, "she to assume any outstanding mortgage there may be on said property at the time of my decease", that the testator, in the phrasing of this part of his will, had in mind and intended to cover, among possible situations, the situation that would exist at his death, if he later borrowed money from some one and gave therefor his own promissory note, secured by a mortgage on this property, and this note and mortgage should be outstanding at his death.

It is well settled that in such a situation, if he had simply devised the mortgaged real estate to his wife, she would be entitled to insist that the mortgage debt must be paid by his executor out of the general assets of the estate, like any other indebtedness of the testator; and that she be thus exonerated from the mortgage. 28 R. C. L. 304. See also annotations in 5 A. L. R. 488 and 72 A. L. R. 709.

This rule of law has repeatedly been followed and applied in this state. *Gould* v. *Winthrop,* 5 R. I. 319 (1858); *Atkinson* v. *Staigg,* 13 R. I. 725 (1882); *Wood* v. *Hammond,* 16 R. I. 98 (1888). See also *Dean* v. *Rounds,* 18 R. I. 436 (1893).

In the first of these cases it is held, and said therein, at page 321, to be beyond doubt or controversy, that there is a "general right of a devisee to be exonerated from an encumbrance to which the testator has subjected the devised estate, whether the encumbrance be created before or after the execution of the will; and the legatee of a specific chattel has the same right. To defeat this right, there must be a clear intention, indicated by the will, that the devisee or legatee shall take *cum onere*. . . . This rule, it is true, extends only to encumbrances created by the testator himself; and where he purchases, or otherwise acquires an estate already encumbered, the estate, in his hands, is the primary fund for the payment of the debt charged thereon; and if he then devise the estate, so charged by another, his devisee must take it *cum onere*."

At page 322 of the same opinion this court says: "There are cases which hold, that until the testator who acquires an estate thus encumbered, has done some act to assume the mortgage debt and make it his own, his personal representatives cannot be charged, and the land remains the only fund for payment; and so is the law; . . . . If, however, it be assumed as the personal debt of the testator, the real estate mortgaged ceases to be the primary fund for payment; and the case falls within the general rule first stated, which makes the personalty first liable for the debts." It is stated, however, on page 323, that the devisees of the real estate cannot claim exoneration out of any specific gift.

We should, then, in deciding the instant case, keep in mind the following rules: The first is that the intent of the testator, determined from the language of the will, as construed in the light of the circumstances existing at the time of its execution, is controlling.

The second rule is that in the absence of an intent by the testator to the contrary, thus determined, his personal estate is the primary fund for the payment of his debts outstanding at his death, including any such debt of his the payment of which is secured by a mortgage on any real estate of his; and a devisee of real estate covered by a mortgage securing a debt for which the testator was liable at the time of his death is entitled to have personal assets of the testator's estate, so far as available, applied to the payment of such debt in exoneration of the mortgaged real estate.

The third rule is that a devisee of mortgaged real estate has no such right of exoneration, if the testator, at the time of his death, was not personally bound to pay the indebtedness secured by the mortgage. In that situation, unless a contrary intent of the testator is shown by the will, the devisee, if he accepts the devise, will take it *cum onere, i. e.,* subject to the right of the holder of the mortgage to have the real estate sold under foreclosure, but will not be liable for any of the mortgage indebtedness that may remain unpaid after the application of the net proceeds of the foreclosure; and will have no right to have any of the personal assets of the testator's estate used for his protection.

In the instant case, when the testator made his will and therein gave to his wife the property in question, he must have had in mind two distinct situations that might exist at his death, if he should then still own the property. One would be that the property would still be subject to the mortgage existing at the time of the execution of the will but the testator would not be bound to pay the indebtedness secured by that mortgage. In that situation, if no provision to the contrary were made in the will, the widow, as devisee, would receive the property subject to the right of the person who at that time would hold the mortgage to have the property sold and the net proceeds of the sale applied on the mortgaged note; but such person would have no further right against the widow or the testator's other real or personal property.

The other situation, which the testator must similarly have had in mind, would be that he had had that mortgage discharged, but had made a new one on the property, securing a new note made by him to somebody, and that this mortgage and this note would be in full force and effect at his death. If such should be the situation, the result would be, if the testator made no provision to the contrary, that his widow would have the right to have the mortgage note paid out of the personal assets of the estate, if available, and to have this mortgaged property exonerated from the mortgage and the indebtedness, without any expense to her as devisee. It is evident from the language in his will that the testator did not wish that result to occur.

The question then arises why, if this was the result that he wished to prevent, he did not say, in the devise to his wife, that she was to receive the property "subject to", instead of saying "she to assume", any outstanding mortgage thereon. The reason seems clear to me, namely, that if he had thus provided and at his death the property was subject to a mortgage made by him and securing a note made by him, then on his death, although she would not be entitled to require the executor of his will to pay the *entire* mortgage debt and thus prevent the foreclosure of the mortgage, she would not be bound to pay any deficiency on foreclosure, but could leave that to be paid by the executor out of the general estate.

My conclusion from the language of the will, read in the light of the admitted facts, is that the testator did not wish that result, but wished to require that in case at his death the property should be subject to a mortgage securing a note *made by him,* his widow, if she accepted the devise, must bind herself to relieve his executor of the burden of paying, out of the general estate, any part of the mortgage indebtedness; and that this was the reason why he provided that she was to *"assume"* any outstanding mortgage, instead of providing that she was to take the property *"subject to"* such mortgage.

He must, of course, have been aware that he was making a will, to take effect on his death, and not a conveyance of real estate, to take effect immediately; and it seems clear to me that in setting forth upon what terms his wife should accept the devise to her, he was concerned, not with the interests of any person who might hold a mortgage on such real estate at the time of his death, but on the respective rights and obligations of his wife, on one side, and of the executor of his will and of the beneficiaries thereunder other than his wife, on the other side.

I cannot believe that in using the language in question here he intended thereby to confer upon *any one* whomsoever who should hold a mortgage on this property at the time of the testator's death—who might be a person whom he did not know at all—the right to compel his widow to pay the mortgage debt, if she accepted the devise to her, even though the testator himself at the time of his death was not bound to pay it.

This case differs radically from one in which a testator by his will gives property to one person, on condition that such person pay so much money to another certain person. There the intent to benefit the latter person is clear and the result is to make indirectly a bequest to a definite person. In the instant case I cannot believe that the testator had any intent to confer by his will any benefit on any person whomsoever who might, at the death of the testator, happen to hold a mortgage on this property, and to whom the testator might not be indebted at all; and in whom he might not be at all interested; and I find that the will discloses no such intent.

On the contrary, my conclusion is that his intent was solely to require his wife, if she accepted the devise to her, to assume a certain obligation solely to the executor of the will, as the representative of the testator in the disposition of his property after his death, and solely for the benefit of persons who would be beneficiaries under other clauses of the will.

The opinion of the court seems to be based mainly on the finding that there is no ambiguity in the word "assume" as

used in the testamentary clause involved in this case and that it clearly means "agree to pay". But it seems to me that in that opinion there is a failure to observe that before it can be determined what effect should be given in this case to the words "she to assume", *etc.,* it must first be determined with whom and for whose benefit the required agreement must be made. Apparently to the other members of the court it is clear that the required agreement must be made with, and for the benefit of, the holder of any mortgage on the devised property at the time of the testator's death. To me it is clear that it must be made with the executor of the will and for the benefit of other beneficiaries thereunder.

In the opinion of the court the facts are stated that the testator, while he owned the mortgaged property, paid the taxes thereon and also the interest on the mortgage indebtedness and after his death the defendant paid such taxes and interest. But I believe that it is a well-settled rule of law that the mere making of such tax and interest payments does not subject the owner of mortgaged property to liability for the payment of the mortgage indebtedness.

Nor can I agree that, as seems to be intimated in the opinion of the court, the defendant, by accepting the devise under the will without first bringing a bill in equity for the construction of the will, with reference to the clause in question in this case, lost the right to contend for the construction for which she now contends.

For the reasons above set forth, I am convinced that the decision in this case should have been for the defendant.

*Woolley, Blais & Quinn, Harry Goldstein,* for plaintiff.

*James J. Corrigan, John T. Keenan, Ambrose J. Kinion* of Mass. Bar, for defendant.